Nov. Term,
1836.

WEST
v.
BLAKE.

---

WEST and Others *v.* BLAKE.

The statute of *1831*, entitled "An act to authorise the agent of state for the town of *Indianapolis*, to lay off the lands belonging to the state into lots and offer the same for sale,"—is a public act; and it is therefore no objection to the admission, as evidence, of the plat of that town, executed, &c. as the said act prescribes, that the act is not pleaded.

The above-named statute, by causing a survey, &c. of the town of *Indianapolis* to be made, and declaring the map of the same to be a public record, constitutes, of itself, the streets and alleys in the town public highways.

If a plea in trespass *quare clausum fregit* justify the gist of the action, and the plaintiff wish to prove that the defendant exceeded the right or authority alleged in his justification, the excess must be specially replied.

Saturday,
January 14,
1837.

APPEAL from the *Marion* Circuit Court.

DEWEY, J.—This was an action of trespass *quare clausum fregit. Blake* declared against *West* and others for breaking

and entering his closes, alleging in aggravation of damages, the throwing down and destroying his fences, gates, &c., the trampling his grass, herbage, and grain, and tearing up and spoiling his soil, &c. Pleas, first, the general issue; secondly, a special plea alleging that when, &c., there were common and public highways, commonly called streets and alleys of the town of *Indianapolis*, through, over, and along the closes in which, &c.; that in passing and re-passing over the said ways, they had committed the supposed trespasses. complained of by the plaintiff, doing as little injury to him as possible, &c. To this plea there was a general replication, that the defendants had committed the injury of their own wrong without the cause which they alleged. Issue upon the replication.

By consent of parties the cause was submitted to the Court for trial without a jury. The plaintiff proved his possession of the closes, and the breaking and entering them by the defendants, the throwing down his fences, &c.; he also proved that they burned a quantity of rails. The defendants gave in evidence the plat of the town of *Indianapolis*, deposited in the recorder's office of *Marion* county, agreeably to an act of the legislature, approved *February* 9th, 1831. They then proved that all the acts established by the plaintiff to have been done by them, were committed on the streets as laid out in said plat, in removing fences, &c. All the evidence on each side was objected to as offered, the objections overruled, the testimony admitted, and exceptions taken. The Court gave judgment for the plaintiff; the defendants took exception and appealed.

It was contended in the argument of this cause, that the general replication, *de injuria*, does not put in issue, but admits, the existence of the highways set up in the special plea. The view which we shall take of the case renders it unnecessary to decide upon the correctness of this point.

We shall consider in the first place, whether the plat of the town of *Indianapolis* was properly admitted in evidence, and what is its legal effect? This must depend upon the solution of another question, and that is, whether the statute of *February* 9th, 1831, entitled "An act to authorise the agent of the state for the town of *Indianapolis* to lay off the lands belonging to the state into lots and offer the same for sale," be

a public or private act. That statute is one of a series of legislative measures on the subject of the seat of government, commencing in 1820 and extending down to the time of its passage. By virtue of these various acts, the site for the seat of government was selected—a town laid out upon it—its plat recorded—the town named—an agent appointed and his duties prescribed—the town adopted as the capital of the state—out-lots from time to time, conformably to the original plan, laid out and sold. These laws also contain many other provisions of an equally public character. On the 24th of *January*, 1831, the legislature declared by an act republishing them, that all these acts should be public statutes; and soon afterwards, during the same session, passed the act in question. By this act the agent is required "to cause the lands around the said town, belonging to the state, to be accurately surveyed and divided into lots, according to the plan designated on the plat presented by the agent to the house of representatives, and cause the corners and boundaries," &c.; and it is made his further duty, "so soon as the survey is completed, to cause to be made out two complete maps or plats of the town of *Indianapolis*, designating the names and width of the several streets and alleys, the number and size of the several squares—designating those that are set apart for public purposes, the number and size of the several in-lots, and the number and size of the several out-lots, as now established by law, and also the form, courses, and distances of their boundaries, the contents and number of the several lots, and the width and courses of the several streets and alleys by this act authorised to be laid out,"—one of which maps "shall be deposited in the office of the recorder of *Marion* county, who shall endorse thereon a certificate of the time of depositing the same, and the plat so deposited shall be considered a public record."

There is no express provision making this a public act, nor was such a provision necessary to give it that character. Should this statute be considered to be a special act, it would follow that a part of the out-lots have been laid off, and parts of the streets and alleys between them, as marked and designated in the public record, have been established by virtue of a public law, and other parts by a private statute; and that some of the duties of the agent, similar in their nature, have been prescribed by public—some by special acts. The legis-

lature cannot have designed to build up a system for the regulation of the capital of the state so patched and incongruous as this. The objects and purposes of all these laws are public. That the subject of them is local does not change their character. Statutes incorporating counties, fixing their boundaries, establishing court-houses, canals, turnpikes, rail-roads, &c., for public uses, all operate upon local subjects. They are not however, for that reason, special or private acts. The statute, then, under consideration is a public act, of which the Courts are bound to take notice without its being pleaded. The public record created by it was legal evidence in support of the plea of the defendants.

But it is contended that the streets and alleys designated upon it are not public ways, without having been first opened by some agent authorised to do so; or without having been sanctioned by use. This objection cannot be sustained. The legislature may establish a road by a direct act of legislation; or they may do it through the agency of commissioners, viewers, and Courts. In the case before us, they have done it by directing the agent for *Indianapolis* to take the necessary steps as to causing surveys to be made, and metes and courses to be designated, and by declaring the map with those metes and courses to be a public record. Nothing more was necessary to render the streets and alleys of *Indianapolis* public ways. As such the defendants had a right to use them, and for that purpose to remove obstructions. This they did, and have proved that the removal of them was the injury complained of by the plaintiff. Their justification, therefore, as to breaking and entering the closes, the gist of the action, is complete.

The plaintiff, however, urges that the judgment of the Circuit Court is correct, because, admitting the existence of the ways and the right of the defendants to use them, they were guilty of a trespass for using them in an unlawful manner. Whether the evidence shows that they did so use them, is not for us to say. But this position of the plaintiff gives rise to another question, which is, whether, under the issue formed by his replication of *de injuria sua propria*, it was competent for him to prove the unwarrantable conduct of the defendants? The law on this point is against him. The doctrine is well settled, that when the plea justifies the gist of the action, it is

an answer to the whole declaration, and that if the plaintiff intends to rely upon matter showing that the defendant exceeded the right or authority alleged in his justification, he must reply it specially, and cannot adduce it in evidence under the general replication. 1 Selw. N. P. 4th Amer. Ed. 30.—7 Johns. R. 109.—7 J. B. Moore, 33.—2 Wils. R. 313.—3 Burr. 1385.—5 Taunt. 69.—2 Camp. 175.—3 Term Rep. 297. The admission, therefore, on the part of the plaintiff, of evidence tending to prove the unnecessary destruction of his rails by the defendants, was erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the plaintiff to amend his replication, &c.

*J. B. Ray,* for the appellants.

*J. Morrison, W. Quarles, C. Fletcher,* and *O. Butler,* for the appellee.