THE WHITE WATER VALLEY CANAL COMPANY *v.* BODEN.

The charter of the *White Water Valley Canal Company* is a public act.
In debt by said company before a justice of the peace for the violation of a by-
law, it was held that the declaration, instead of setting out the by-law, might
refer to it as contained in a printed copy of the by-laws of the company filed
with the declaration.
The cause of such action was a tort, and the declaration, as amended in the Cir-
cuit Court (the suit having been taken there by appeal), claimed 100 dollars.
*Held*, that the Court had no jurisdiction.

Monday,    APPEAL from the *Franklin* Circuit Court.
July 6.
The complaint in this case was for injuring, with violence,
certain lock-gates on the *White Water Canal* contrary to a
by-law, &c.

PERKINS, J.—This was an action of debt commenced be-
fore a justice of the peace upon a by-law of the *White Water
Valley Canal Company* to recover the penalty of its infrac-
tion. Judgment before the justice for the defendant. An
appeal was taken to the Circuit Court where an amended
declaration was filed, to which there was a demurrer; de-
murrer sustained, and final judgment rendered for the de-
fendant.

The declaration before the justice, which contained but
one count, set out neither the charter, nor by-law alleged to
have been broken, of the corporation, and claimed but twen-
ty dollars damages. It made a reference to the by-law as
contained in a printed copy (filed with the declaration) of all

the by-laws of the company. The amendment in the Circuit
Court consisted of five additional counts, four of which se-
verally claimed twenty dollars damages, and neither of which
set out the charter of the company, nor the by-law on which
the count was founded other than by reference to the printed
copy filed, as above stated. The aggregate of the damages,
claimed by the declaration as amended, was one hundred
dollars.

The questions raised by the counsel are: 1. Whether the
declaration should not have set out the canal company's char-
ter?   2. Whether it sufficiently sets out the by-law or by-
laws on which the action is founded?   3. Whether the case
was within the jurisdiction of the Court?

If the charter of this company is a public act, it was clearly
unnecessary to set it out in the declaration.   We think it is
so.   The object of the company is the completion of the
*White Water Canal*, one of the works embraced in the ge-
neral internal improvement act of 1836.   The state still pos-
sesses an interest in the work which it is the duty of this
company to protect; the charter refers to, and confers upon
the corporation the benefit of, provisions contained in certain
of the general laws of the state, which must be examined in
giving it a construction and determining the extent of the
privileges bestowed by it; and the work itself is one of public
concern.   *West* v. *Blake*, 4 Blackf. 234.

Upon the second question, we are of opinion that the filing
of a copy of the by-law, as was done in this case, with the
declaration in which a reference to it was made, was a suffi-
cient setting out of the same to constitute a good declaration,
in that particular, in an action commenced before a justice of
the peace.

Upon the question of jurisdiction, we think the case of
*Forsha* v. *Watkins*, 4 Blackf. 520, settles the point against it.
The *form* of action in the present case is debt, but the *cause*
of action set forth in the declaration is a tort; and we are
able to discover no substantial difference between the statute
of 1843 (R. S. 862), under which this case arose, and that of
1831 under which the decision in *Forsha* v. *Watkins* was made.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland*, for the appellants.

*J. Ryman* and *J. B. Sleith*, for the appellee.