*H.* and *H. Brown*, for the appellee.

———

HANKINS *v.* LAWRENCE.

The charter of the *White Water Valley Canal Company* is a public act.

The said charter provides for the taking by said company from the owners, before the assessment of damages, of the land necessary for constructing the canal and hydraulic works to be connected with it, and also for works necessary for its navigation.

And grist-mills, oil-mills, carding machines, and woolen factories, to be propelled by water, are embraced by the terms "hydraulic works."

The said company owning the canal might, consistently with the constitution of the state, be authorized by statute to take as aforesaid the land necessary for a site for said mills, &c., on account of their being of public use ; proper compensation being made therefor.

And it is not essential to the validity of such statute, that it should require the land to be paid for before it is taken and used.

The possession and use of the land, taken by said company as aforesaid, are upon a condition subsequent, that they will not be in default with respect to the payment as prescribed by the charter, nor with respect to the erecting of the works for which the land is taken.

And it may be, that should any person claiming under said company remain, after such default, in possession of the land taken as aforesaid, he would be considered as a trespasser *ab initio*.

The provision in the charter of said company, with regard to the payment of the land taken as aforesaid, appears to be unobjectionable.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of trespass *quare clausum fregit*, brought by *Hankins* for breaking and entering his close, digging holes in the same, &c. Plea, that, at, &c., the defendant was an engineer in the employment of the *White Water Valley Canal Company;* that by virtue of their charter and in pursuance of their order, he entered the close and took possession of an acre of land adjoining a certain lock and hydraulic power on the canal, situate, &c.; that said acre of land was and is necessary for a site for erecting, and propelling by water, a grist-mill, oil-mill, carding machine, and woolen factory; that said hydraulic power has been leased by the company for a term of years, with the acre of land, and the lessee is about to erect said mills there; that, because of the diversion of water from the *White Water* river into the canal, said mills will be of great public utility; that the company could not obtain said acre of land from the plaintiff by donation or fair purchase for said purpose, nor would he agree with them as to the compensation to be paid therefor, nor will he now agree as to the same, though often requested so to do, &c.; and that the supposed trespasses complained of were committed in making a race and foundation for said mills, no unnecessary damage being done. General demurrer to the plea, and judgment for the defendant.

As the charter mentioned in the plea refers to the *White Water Canal* commenced under a general law, and contains a transfer of the interest of the state in that canal to the said company, and a reservation for the benefit of the state, it is a public act and need not be pleaded. *The White Water V. C. Co.* v. *Boden, May* term, 1846.

We think that the charter of this company, if constitutional, gave them the right to take said land under the circumstances stated in the plea. The 4th section says, "The said company is hereby authorized to construct the same (the canal), with all the necessary and usual appendages and improvements, and with all things useful for the convenient and profitable enjoyment of said canal, and all hydraulic works desirable to connect therewith." The 5th section says, that " for assuring to said company all lands, &c., requisite for the

*Margin:*

Nov. Term, 1846.

HANKINS
v.
LAWRENCE.

Thursday,
December 3.

most economically constructing and maintaining said canal and works connected therewith, and incident and necessary to the navigation of the same, whenever said lands, &c., shall not be obtained by voluntary donation or fair purchase, it shall be lawful for said company, by any of their officers, &c., to enter upon and take possession of and use all such lands, &c., as shall be necessary for the purposes aforesaid, &c., doing thereby no unnecessary damage, they satisfying and paying all damages which may be occasioned thereby to any person or persons in the manner hereinafter provided." The 11th section says, "That whenever any lands, &c., shall be taken for the construction of said canal, or any of its feeders, or works connected therewith, and the same shall not be given or granted to said company, and the proprietor or proprietors do not agree with said company as to the compensation to be paid therefor, it shall be lawful for the person or persons claiming compensation as aforesaid, to select for themselves one arbitrator," &c. A part of the 5th section is obscurely worded, but we understand it to mean that for the canal and works mentioned in the 4th section, that is, the canal and hydraulic works desirable to connect with it, and also for works necessary to its navigation, the necessary land may be taken. The water mills, &c., mentioned in the plea, are, of course, embraced by the terms "hydraulic works." By the 5th section, the damages are to be paid as provided for in the 11th section; and the 11th section evidently contemplates the taking, &c., of the land, &c., before an assessment of damages by arbitrators. L. Laws, 1842, p. 37.

Considering, therefore, the taking of the land as mentioned in the plea to be in conformity with the charter, we are next to examine whether the charter, as to the matter in question, is warranted by the constitution of the state.

The constitution says, that no man's property shall be taken or applied to public use, without a just compensation being made therefor. Art. 1, sect. 7.

Since the commencement of our state government, we have always had statutes authorizing writs of *ad quod damnum*. By virtue of such writs, persons are enabled to procure the land of others necessary for the abutment of dams for gristmills, without the owners' consent, by making compensation.

These statutes are supported on the ground of the benefit of such mills to the public. This Court has repeatedly, and, we have no doubt, correctly, recognized these statutes as valid. There are also other states, *Kentucky* and *Virginia* for example, having constitutional provisions on the subject like ours, in which such writs of *ad quod damnum* are authorized. The works named in the plea, besides a grist-mill, are of public utility, and may with propriety be placed, so far as the question before us is concerned, on a footing with grist-mills. We think, therefore, that the company owning the canal, might be authorized by statute, to take the land mentioned in the plea as a site for said works, on account of their being of public use, proper compensation being made therefor.

The question, whether payment must be made before the land is taken and used, as noticed in the plea, has been already decided by this Court. *Rubottom* v. *M'Clure*, 4 Blackf. 505. It was there held, that land and materials might be taken and used under a statute, by the agents of the state, for the *Wabash and Erie Canal*, before making compensation. It is true, the property was there taken for the state, but that can make no difference. The constitution makes no distinction on the subject between the state and an incorporated company. If either can be authorized to take private property for public use before paying for it, the other can also.

The possession and use of the land in question by the *White Water Valley Canal Company*, are upon a condition subsequent, that they will not be in default with respect to the payment for the same as prescribed by the charter, nor with respect to the erecting of the works for which the land is taken. It may be, that should any person claiming under the company, remain in possession of the land after a default in such payment, or in erecting the works, he would be considered as a trespasser *ab initio*. See *Howard* v. *Gossett*, 1 Carr. & Marsh. 380.

The provision in the charter with regard to the payment of the land appears to be unobjectionable.

For these reasons, we are of opinion that the plea is valid.

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test*, for the plaintiff.

*S. W. Parker*, for the defendant.