NULL
v.
THE WHITE
WATER VAL-
LEY CANAL
COMPANY.

*Friday,
December 2.*

---

NULL and Another *v.* THE WHITE WATER VALLEY CANAI
COMPANY.

The internal improvement act of 1836, except so far as it conflicts with the
acts transferring the various public works, has not been repealed; and
the Supreme Court has constantly regarded it as entering into and form-
ing a part of the various acts conveying away, for construction, the pub-
lic works, so far as consistent with those acts.

A proceeding properly instituted for the recovery of a claim, but voluntarily
abandoned, cannot be made available, in an action subsequently brought,
to save the claim from the bar of the statute of limitations.

The *White Water Valley Canal Company,* in 1845, took possession of cer-
tain land of the plaintiffs, for the construction of their canal, and, in the
prosecution of the work, diverted water from his mills. In about eigh-
teen months afterward, the water was returned to the plaintiffs, and to
its natural channel, by a freshet that washed away the canal; but the
company, in 1849, in repairing the canal, again diverted the water as
they had previously done. *Held,* that the statute of 1836, enacting that
applications for damages for property taken for the construction of the
public works, should be made within two years next after the same was
taken possession of, or they should not be paid, commenced running at
the first diversion of the water in 1845.

That statute is not founded upon the presumption that the damages have
been actually paid within the two years, but upon the ground that two

Nov. Term,    years is a reasonable time for asserting the claim, and that, if it is not
    1853.     asserted in that time, it should be disregarded, and the cost of the public
              works thereby lessened.
NULL
              The legislature had the power to enact such a law.
     v.
THE WHITE     Where private property is taken for public use under the authority of a
WATER VAL-        statute which points out the mode in which compensation shall be made
LEY CANAL         therefor, that mode, and no other, under the constitution of 1816, could
COMPANY.          be pursued to obtain such compensation.

              The reason of this rule is, that as the law authorized the property to be
                  taken, the corporation appropriating it committed no wrongful act, and
                  hence the common-law doctrine as to cumulative remedies is not appli-
                  cable.


Friday,            ERROR to the *Fayette* Circuit Court.
December 2.
                   PERKINS, J.—*Israel* and *Michael Null* brought an action
              on the case against the *White Water Valley Canal Com-*
              *pany*, for damages done by said company to lands and
              mills of the plaintiffs in the construction of. the *White*
              *Water* canal.

                   The different counts in the declaration all alleged the
              damages to have been committed in 1845 and in 1846,
              and that applications were made for compensation, &c.
              This suit was instituted in *March*, 1850.

                   The defendant pleaded the lapse of two years from the
              time of committing the acts complained of, before the
              commencement of this suit, in bar.

                   The plaintiffs replied, as to the injuries complained of
              in two of the counts in the declaration, by a re-assign-
              ment, stating that about eighteen months after the first
              construction of the canal through, and to the injury of,
              their property, the water diverted from them by that con-
              struction, was returned to them, and to its natural chan-
              nel, by a freshet that washed away the canal; that the
              company, in 1849, on repairing the canal, again diverted
              the water, &c., to their damage, &c., and that these were
              the injuries in said counts complained of, &c.

                   Demurrers were filed and sustained, so that final judg-
              ment on the whole case was rendered in favor of the de-
              fendant, the canal company.

                   We shall examine no technical question on the plead-
              ings.

The first inquiry will be as to the validity of the plea setting up the failure for two years to bring suit.

The general internal improvement act of 1836, R. S. 1838, p. 337, enacted, in section 17, that no claim for damages occasioned by the construction of the works provided for, should be recovered or paid, unless the application therefor was made "within two years next after the property shall have been taken possession of," &c. The state commenced the construction of several of the works specified in said act, but failed before she had completed them. Subsequently, the works, in their unfinished condition, with the materials on hand, relinquishments of rights of way, &c., were transferred by the state to different persons or corporations, for the purpose of having them completed as projected by the state, or in a manner somewhat modified; the state in some, if not in all of the cases, reserving the right to redeem them at a future day. The internal improvement act of 1836 was not repealed any further than it conflicted with the several acts transferring the various works, and it yet remains in force; and this Court has constantly regarded it as entering into and forming a part of the various acts, in some cases by the express terms of said acts, so far as consistent with them, passed at different times, conveying to others, for construction, the public works of the state. This has been repeatedly held in reference to the *White Water Valley Canal Company.* See the cases of this *Company* v. *Boden,* 8 Blackf. 130, and against *Ferris,* 2 Ind. R. 331; and *Hankins* v. *Lawrence,* 8 Blackf. 266. It has once been held in respect to the *Wabash* and *Erie* canal. *The Trustees of the Wabash and Erie Canal* v. *Johnson,* 2 Ind. R. 219. We think the plea in question a good bar to the action, unless the circumstances appearing in the record take this case out of the statute on which the plea rests.

It is alleged that a claim for damages had been made within the two years, and that the company had professed a willingness to have it adjusted and settled. But the claim seems to have been voluntarily abandoned by the plaintiffs, and it does not appear that they ever, them-

Nov. Term, 1853.

NULL
v.
THE WHITE
WATER VAL-
LEY CANAL
COMPANY.

Nov. Term,
1853.

NULL
v.
THE WHITE
WATER VAL-
LEY CANAL
COMPANY.

selves, which under the charter they should have done, selected an arbitrator to act in determining upon it. They do not show, therefore, that the company was placed in any default in the premises, nor that any excuse existed on the part of the plaintiffs for failing to comply with the statute; and a properly instituted claim voluntarily abandoned, cannot be made available in a subsequent action to save it from the operation of the statute of limitation. *Alexander* v. *Pendleton*, 8 Cranch 462.—R. S. 1852, vol. 2, p. 77.

It is further said, that the water, by a freshet, was returned, some eighteen months after it was taken possession of by the company, to the use of the plaintiffs, and that this suit was instituted within two years from its recovery back by the company. We do not think this circumstance has any weight in the case. We think the two years must commence running from the first appropriation of the water in 1845. It was then taken by the company, not as a wrong-doer, but by authority of law, and with the intent and purpose of absolute appropriation and permanent enjoyment, and so the plaintiffs must have understood at the time. That appropriation has never been voluntarily relinquished—never been abandoned. A superior force wrested the water temporarily from the company, but it was recovered as soon as it reasonably could be, not as a new appropriation, a new possession, but in right and continuation of the former, and so the plaintiffs must have regarded it.

Again, it is urged that the company admitted that the damages had not been, but ought to be, paid within two years, &c.; and it is claimed that a new promise has been made taking the case out of the statute. In construing the statutes of limitation upon the recovery of demands growing out of the ordinary dealings among men, the idea has prevailed that those statutes were based on the presumption that the debts covered by them had been paid, and that, hence, an acknowledgment in respect to any given debt, that it had not been paid, should take it out of the statute. But the statute in this case is

Nov. Term,
1853.

NULL
v.
THE WHITE
WATER VAL-
LEY CANAL
COMPANY

not based upon the presumption that the damages have been paid. It rests on the ground that two years is a reasonable time for asserting a claim for damages; and that a party is not necessarily entitled to any more; and that, if the claim is not asserted in that time, it shall be disregarded, and the cost of constructing the public works thereby lessened. Hence, it enacts that no claim of the kind shall be paid, unless asserted within two years. It would seem, therefore, that an admission, made afterwards, that the damages had not been paid, could not take the case out of this statute, for the object of the statute was to secure prompt settlements of these damages, or to get rid of paying them by the mere lapse of time. The legislature had power to enact such a law. But we shall not decide whether there is anything upon the record that can take the case out of the statute or not, as there is another point which is fatal to the present suit. It is, that where private property was taken for public use under authority of a law which pointed out the mode in which compensation should be made therefor, that mode and no other, under the old constitution, was necessarily pursued to obtain such compensation. *Kimble* v. *The White Water Valley Canal Company*, 1 Ind. R. 285. This was on the ground that there was no wrongful act, in such cases, on the part of those taking the property, which could be made the subject of an action against them, as the law, valid under the late constitution, authorized them thus to act, and the only right of the individuals whose property was so taken, was to have compensation to be ascertained in the manner pointed out in the act. See the cases cited in note to *Kimble* v. *The White Water Valley Canal Company*, *supra*. The common-law doctrine of cumulative remedies is not, therefore, applicable in these cases.

*Per Curiam.*—The judgment is affirmed with costs.

*S. W. Parker, J. Ryman* and *J. Perry,* for the plaintiffs.

*J. S. Newman, J. Rariden*, and *C. H. Test*, for the defendants.