## DUNCAN *v.* CRAVENS ET AL.

STATUTE OF LIMITATIONS.—*Contribution.*—*Fraudulent Conveyance.*—*Action to Set Aside.*—*Judgment against Sureties on Official Bond.*—A joint judgment having been rendered against two sureties of an insolvent principal upon an official bond, and a purchaser from one of them, of realty subject to the lien of such judgment, having paid it off to discharge such lien, he brought an action against a purchaser of other realty, prior to the rendition of such judgment, from such other surety, to set aside such conveyance and subject such realty to contribution to such judgment, alleging such conveyance to have been made, and received, with intent to defraud such other surety's creditors. The defendant having pleaded the statute of limitations of six years,—

*Held*, on demurrer, that such answer is sufficient.

PRACTICE.—*Amendment.*—*Discretion of Court.*—The court, in its discretion, may allow the filing of additional pleadings, if no objection be made, even after issues have been perfected at a prior term and the cause been continued to another, and even after heavy costs have accrued, which would not have accrued had such pleadings been filed at the prior term.

SAME.—*Payment of Costs.*—Where such additional pleadings have been so filed, the court has no power to compel the party filing them to pay such costs, so accrued, before requiring issue to be joined on such pleadings.

From the Ripley Circuit Court.

*G. Durbin*, for appellant.

*B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellees.

WORDEN, J.—Action by the appellant, against the appellees. Judgment for the defendants.

The case made by the complaint is briefly this:

One Vandever was sheriff of Ripley county, and John Mullen, Walter Bogot and David H. Kitts were sureties on his bond.

In November, 1867, Frank Dennison recovered a judgment in the court of common pleas of said county, against the said sheriff and his said sureties on his bond, for two hundred dollars and costs, which judgment was a lien on certain real estate, previously transferred by Kitts, to Cravens, as hereinafter stated. The judgment was also a lien on certain property of Mullen, which has been transferred

to the plaintiff, and the plaintiff has paid the judgment in order to release the property from the lien of the judgment.    Bogot was insolvent at the time of the rendition of the judgment, and Kitts has since died, leaving no estate whatever to administer upon.

It is alleged, that at the time of executing the bond, Kitts was the owner of certain real estate described, which he afterwards, and before the rendition of the judgment, for the purpose of defrauding his creditors, conveyed to Cravens, who had notice of the fraud; and that Cravens has conveyed the property to William D. Willson, for the consideration of two thousand five hundred dollars, of which amount there remains unpaid the sum of one thousand six hundred dollars.

The complaint, as we understand it, seeks contribution from the property of Kitts, thus transferred by him to Cravens, and a judgment against the latter and Wilson, and that the conveyance be set aside as fraudulent.

At the September term of the court, 1874, the defendants answered in three paragraphs, and the plaintiff moved to strike out two of them, which motion was sustained at that term.

At the November term, 1874, the cause was continued by agreement.

On the second day of the February term, 1875, the parties appeared, and leave was granted to the defendants to file an additional paragraph of answer, which paragraph, on the fourth day, was filed as the fourth paragraph of answer, setting up the statute of limitations of six years.

The plaintiff moved to reject the fourth paragraph, but the motion was overruled, and he excepted.

He then demurred to the paragraph for want of facts, but the demurrer was overruled, and he again excepted. The plaintiff declined to reply, and thereupon judgment was rendered for the defendants.

Error is assigned upon these rulings.    The grounds assigned for the motion to reject the paragraph were, that

at the September term, 1874, when the cause was put at issue, all the facts pleaded in the paragraph were within the knowledge of the defendants; and that the cause had stood ready for trial at one term previous to the term at which leave was asked to file the paragraph, and that costs had accrued at that term, which were shown to amount to over one hundred dollars, which would not have been incurred if the paragraph had been filed at the term at which the cause was put at issue. And the plaintiff asked that the defendants be required to pay those costs, before the plaintiff should be required to take issue upon the paragraph.

Section 99 of the code (2 R. S. 1876, p. 82) provides, that " * * * The court may also in its discretion allow a party to file his pleadings after the time limited therefor;" and we can not say that there was any abuse of discretion in this case, in not striking out the paragraph, especially as leave was given, without objection, to file an additional paragraph. The court, in our opinion, was clearly right in not requiring the defendants to pay the costs of the previous term before the plaintiff should be required to reply to the paragraph. If the plaintiff had asked for a judgment against the defendants, for the costs incurred by him at the previous term, a different question would have been presented.

The demurrer to the paragraph was, in our opinion, correctly overruled.

The action was a direct proceeding to set aside the conveyance from Kitts to Cravens, on the ground of fraud, so as to enable the plaintiff to collect his assumed debt, and clearly within the terms of the statute fixing a limit of six years to actions "For relief against frauds." 2 R. S. 1876, p. 121, sec. 210. *Musselman* v. *Kent,* 33 Ind. 452.

There is no error in the record.

The judgment below is affirmed, with costs.