The Pittsburgh, Cincinnati and St. Louis R. W. Co. *v.* Nuzum.

---

The Pittsburgh, Cincinnati and St. Louis R. W. Co. *v.* Nuzum.

RAILROAD.—*Action for Damages.—Pleading.—Bankruptcy.*—An answer in an action against a railroad company for damages, alleging, that, subsequent to the commencement of the action, the plaintiff had been adjudged a bankrupt, and an assignee of his estate appointed, is insufficient on demurrer.

SAME.—*Statement by Ticket Agent.*—The ticket agent of a railroad company can not bind the company by his statement to a person purchasing a ticket for a certain train to a certain station, that such train will stop at such station, where the same is not a regular stopping place for such train.

PRACTICE.—*Objection to Evidence.—New Trial.*—The grounds of objection to the admission of evidence should be stated to the court, at the time of making the objection.

From the Grant Circuit Court.

*N. O. Ross*, for appellant.

*R. W. Bailey*, *A. Diltz* and *J. Brownlee*, for appellee.

PERKINS, J.—The appellee sued the appellant.

This is the second appearance of the cause in this court. See the case of *The Pittsburgh, etc., R. W. Co. v. Nuzum*, 50 Ind. 141.

After alleging, in the first paragraph of his complaint, that the appellant was a common carrier on a specified route, etc., he averred, that, " on or about the 14th day of August, 1873, at Union City, Indiana, a station on said road, he purchased a first-class ticket from said defendant (appellant), through the hands of its ticket agent at said station, Union City, calling for one first-class seat in the passenger coach on night passenger train from said Union City to the town or station of Sweetser, a station on said railroad west of said Union station. Plaintiff avers, that, at the time he so purchased said ticket of defendant, the said night passenger train was then almost due, to wit: about twenty minutes prior to the arrival of said train going west, for which he paid the defendant the sum of two dollars and five cents; that he purchased said ticket expressly with reference to riding on said train, and, at the time he so purchased it, he was informed by defendant that he could ride on said train, and that the said train would stop at Sweetser and let him off."

There was a second paragraph in the complaint, containing substantially the same allegations as the first.

The paragraphs severally alleged a breach of the contract, in this, that the train failed and refused to stop at Sweetser, to enable the plaintiff to leave it, but carried him past, etc., and alleged damages, etc.

A demurrer to each paragraph of the complaint, for want of facts, was overruled, and exceptions duly entered.

The defendants answered :

1.   The general denial ;

2.   That Sweetser was not a station at which the train on which the appellee took passage usually stopped ; and,

3.   Substantially the same as the second.

The Pittsburgh, Cincinnati and St. Louis R. W. Co. *v.* Nuzum.

The plaintiff replied to the second and third paragraphs of answer, in general denial, and, in a separate paragraph, specially, that he "purchased the said ticket, in his complaint specified, for the train on which ·he entered, and for no other; that he had no knowledge that said train did not stop at said station of Sweetser, as in said answer specified, but avers that said train did stop at said station of Sweetser, as in his complaint specified."

A demurrer was overruled to this paragraph of reply.

Before the trial, the defendant filed a paragraph of answer, *puis darrein continuance,* as follows:

"That, since the last continuance, the plaintiff has been, by the proper circuit court of the United States for the district of Indiana, declared a bankrupt; and that he has made an assignment of all his effects, including his cause of action in this cause, to Emerson Jester, his assignee in bankruptcy, who is the owner thereof, for the benefit of the creditors of the plaintiff, who is the real person in interest in this cause."

A demurrer was correctly sustained to this fourth paragraph of answer. *Sutherland* v. *Davis,* 42 Ind. 26.

Whether this paragraph, under the code, operated as a waiver of defences previously answered, we intimate no opinion.

The cause was then tried by a jury, who returned a general verdict for the plaintiff in the sum of two hundred and five and $\frac{25}{100}$ dollars, and answers to interrogatories, as follows:

1. Was the station of Sweetser a regular stopping place for the train the plaintiff entered upon at the time?

Answer. Yes.

2. Was there any other train on the defendant's road, or any other road, or any other way, by which the plaintiff could have reached Sweetser any sooner than he did reach it, as stated in his complaint?

Answer. No.

3. The jury answered, that it cost the plaintiff one

dollar and twenty-five cents extra, on account of being carried past Sweetser.

4.   That he lost nine hours' time, worth two dollars.

5.   That they allowed him fifty dollars, on account of his mental suffering and sickness.

The following questions were asked and answered:

6.   How much do you allow him on account of the sickness of his family?

Answer.   Nothing.

7.   How much do you allow him as smart money?

Answer.   One hundred and fifty dollars.

A motion for a new trial was filed, assigning the following reasons therefor:

1.   Verdict contrary to law, and unsustained by evidence;

2.   Excessive damages; and,

3.   Errors of law occurring at the trial, in the admission and rejection of items of evidence in the instances specified in the motion.

The motion was overruled.

The defendant then moved for judgment on the special findings, which motion was overruled, and judgment entered upon the verdict.

The grounds of the motion touching the admission and rejection of evidence were not stated to the court, and hence the motions were properly overruled.

The evidence is in the record, and, as it seems to us, does not show that Sweetser was a usual stopping place, and therefore does not sustain the finding of the jury.

We have already decided, at the present term, that "It is not competent, we think, for a conductor to agree with an individual passenger to carry him to a given place, and stop at that place to allow him to leave the train, and thus bind the railroad company, unless the place at which he is to stop is a regular station of the train which he is conducting." *The Ohio and Miss. R. W. Co.* v. *Hatton, ante,* p. 12.

The reasons for the decisions are given in the opinion in that case, and we need not here repeat them.

The power of a ticket agent, by virtue of his office merely, is not greater in this particular, than is that of a conductor. So that the meritorious question in the case is, might the jury, upon the evidence before 'them, have found that Sweetser was a regular or usual stopping place for the train on which appellee took passage?

We copy the evidence.

Nuzum, the appellee, testified: " I lived three-fourths of a mile from Sweetser. I did not know whether it was a regular stopping place for that train or not. It was the 14th of August, 1873, I got my ticket."

B. W. Ruby testified: " Don't remember any date in August when the train stopped at Sweetser. It stopped on the morning of the 5th of July, and on the morning of the 4th of June. I have got off there several times; can't tell when. I had gotten off every time I wanted to before the time they carried Nuzum to Xenia. Once after that I went down, and they carried me past. It was not marked as a regular, but a flag station."

A. W. Tripp testified: " The train was in the habit of stopping at Sweetser during February, March and the first half of April, 1873. I went on the train every week during that time. Don't know any thing about the month of August."

B. W. Ruby recalled. " Think I got off at Sweetser, June 4th and July 5th; can't tell the month when I got off at other times, but always got off when I wanted to."

The plaintiff here closed his evidence.

For the defendant, Thomas M'Mahon testified: "At the time—14th of August, 1873—when Nuzum went on the train, Sweetser was a no-stop station, and was so down upon the time-card. I was acting as agent at the station at that time. The train could have been stopped there by the order of the superintendent. If the train stopped

there without an order from the superintendent, it was a violation of the regulations of the company."

Lowry, for the defendant, testified: "I was conductor on the train at the time—14th of August. It was a night train. The train did not stop at Sweetser unless on an order from the superintendent. I had no such order at that time."

Snodgrass, for the plaintiff, testified, that he got off at Sweetser, on the 2d day of July, 1873; could not remember any other time.

The evidence did not tend to prove that Sweetser was a regular or usual stopping station for the train on which Nuzum was a passenger, on the 14th of August, 1873.

The judgment is reversed, with costs, and the cause remanded, with leave to the plaintiff to amend his complaint if he desires to do so.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.