Sidener *v.* Galbraith *et al.*

---

## SIDENER *v.* GALBRAITH ET AL.

STATUTE OF LIMITATIONS.—*Action to set aside Sheriff's Sale.—Fraudulent Conveyance.—Limitation of Six Years.*—An action to set aside, as fraudulent, a sheriff's sale of land and a subsequent conveyance of the same by the execution defendant to the purchaser at such sheriff's sale, is barred by the statute of limitations of six years.

SAME.—*Continuation of Action which has Failed.*—An action by a purchaser of land at a sheriff's sale, against a purchaser of the same land at a previous sheriff's sale, to set aside the first sale as fraudulent, having been finally determined against the plaintiff on account of a defect in his title, he subsequently purchased the same land at a third sheriff's sale, and, within five years from the determination, but more than six years from the commencement, of the first action, he commenced a suit against the same defendant and the judgment defendant, to set aside, as fraudulent, such first sheriff's sale and also a conveyance of the same land, made by such judgment defendant to his co-defendant after the commencement but before the determination of the first action.

*Held,* that the second action was not a continuation of the first action, within the meaning of section 218 of the code, and that an answer of the statute of limitations of six years is sufficient.

From the Bartholomew Circuit Court.

S. Stansifer and F. T. Hord, for appellant.

R. Hill, for appellees.

PERKINS, J.—On the 19th day of October, 1861, the sheriff sold the land of James Anderson, by virtue of an execution duly issued from the clerk's office of the Bartholomew Circuit Court, in this State, to Joseph D. Sidener.

On the 27th day of September, 1862, the appellees commenced proceedings in attachment against said Anderson, in which they obtained judgment ; and, without ascertaining that the record thereof had been signed by the judge, caused the clerk to issue executions thereon, on which the sheriff, on the —— day of February, 1863, sold the land, previously sold by him to Sidener, to the appellees, the plaintiffs in the attachment proceedings.

On the title acquired by and through said attachment sale and purchase, on the 27th day of April, 1863, the appellees commenced a suit to quiet said title, by causing to be set aside, as fraudulent, the said sheriff's sale to Sidener. They failed in the suit, one of the grounds of said failure being, that the title on which they rested their right to bring their suit was worthless. It was necessary that the plaintiffs should show some interest in the land of Anderson, to enable them to sue to set aside conveyances of it to Sidener. The interest—the title alleged in this second suit—originated thus :

On the 19th day of November, 1868, seven years after the sale to Sidener was made, the appellees severally obtained confession of judgment by said Anderson, on their attachment claims, on executions upon which, on the 13th day of February, 1869, the sheriff sold the land to appellees, which he had sold, as aforesaid, to appellant Sidener, on the 19th day of October, 1861.

On the 24th day of February, 1862, Anderson executed a deed to Sidener for the land which the latter had purchased

at sheriff's sale on October 19th, 1861, and put him in possession of the same, which possession he still retains.

On the title acquired through the sheriff's sale made on the 13th day of February, 1869, upon execution on the judgments confessed by Anderson in November, 1868, the appellees commenced this suit against Sidener and Anderson, to set aside, as fraudulent, the sheriff's sale to Sidener, made in 1861, and the deed of Anderson to Sidener, made in 1862.

The questions upon which the case turns, under the pleadings, are:

1. Does the statute of limitations of six years apply to this suit?

2. Is this a continuation of the suit commenced in 1863?

A great many other questions are presented in the record of between three and four hundred pages, and are ably discussed by counsel; but, as the conclusion at which we have arrived on the questions above stated is decisive of the case, and finally disposes of it, we need notice no other.

The statute enacts, that " The following actions shall be commenced within six years after the cause of action has accrued, and not afterwards."

Among the actions enumerated are those—

" For relief against frauds." 2 R. S. 1876, p. 121, sec. 210.

This case falls directly within this provision. *Duncan v. Cravens*, 55 Ind. 525.

As to the second question, the answer must be determined by the following section of the statute:

" Sec. 218. If after the commencement of an action, the plaintiff fail therein, from any cause except negligence in the prosecution, or the action abate or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five years after

such determination, and be deemed a continuation of the first, for the purpose herein contemplated."

We shall not undertake, in this opinion, to enumerate the particular instances in which a new action may be brought under this section. We content ourselves with showing that the present is not a continuation of the former action, within its meaning.

We may premise, that the previous action, claimed to have failed in this case, did not abate by the death of a party, nor was the judgment in it arrested or reversed on appeal, but, on the contrary, that judgment was affirmed, on appeal to this court.

We express no opinion on the question of negligence.

The present can not be held to be a continuation of the former suit. The parties are not the same; the title on which the plaintiffs, appellees in this court, base their right of action, is not the same; and the relief sought is not the same. Anderson was not a party to the former suit. In the present he is a defendant. See *Galbraith* v. *Sidener*, 28 Ind. 142.

The title upon which the appellees based their right of action in the former suit was a deed from the sheriff, upon an attachment sale made in February, 1863; while, in the present suit, the only title they claim is derived from the sheriff's sale made in February, 1869, upon judgments confessed by Anderson in November, 1868.

In the former suit, the appellees sought to set aside only the sheriff's sale to Sidener, made in October, 1861. In the present suit, they seek to set aside, in addition, the deed made by Anderson to Sidener on the 24th day of February, 1862, and hence, in this suit, made Anderson a party defendant.

Without proceeding further, it is plain, from the facts stated, that the present is not " a continuation of the first," that brought in April, 1863. It would sanction an evasion

of the statute of limitations, to hold that it was. *McKinney* v. *Springer*, 3 Ind. 59; *Flournoy* v. *The City of Jeffersonville*, 17 Ind. 169; *Null* v. *The White Water Valley Canal Co.*, 4 Ind. 431.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.