The Chicago, St. Louis and Pittsburgh Railroad Company v. Bills.

Filed April 3, 1889.

---

No. 13,626.

THE CHICAGO, ST. LOUIS AND PITTSBURGH RAILROAD COMPANY v. BILLS.

PLEADING.—*Amendment of Complaint.*—An amended complaint has relation ordinarily to the date of the commencement of the action, and is regarded as a matter occurring in the continuation of the original cause.

SAME.—*Statute of Limitations.*—Unless some new claim or title, not previously asserted, is set up by way of amendment, a plea of the statute of limitations will be determined with reference to the date when the action was originally commenced.

The Chicago, St. Louis and Pittsburgh Railroad Company *v.* Bills.

SAME.—*Action for Personal Injuries.*—Where a complaint seeking to recover for being wrongfully expelled from a train is filed within two years from the doing of the act complained of, an amended complaint, filed after that'time, seeking to recover merely for being expelled from the train with unnecessary violence, is not barred.

RAILROAD.—*Expulsion from Train.— Unnecessary Force.—Damages.—Negligence.—Evidence.*—In an action to recover damages for injuries sustained by being ejected from a train with excessive force, there is no question of negligence or of contributory negligence in the case, and it is error to permit the plaintiff to prove that he was upon the train in pursuance of information given him by the defendant's ticket agent that the train would stop at the station where he wanted to alight.

SAME.—*Right of Trespasser to Recover.*—Such an action is for an unlawful invasion of the plaintiff's right of personal security, and proceeds upon the correct assumption that he is entitled to recover for injuries sustained by being ejected from the train with needless violence, even though he was upon the train without right.

From the Madison Circuit Court.

*N. O. Ross*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

MITCHELL, J.—Bills sued the railroad company, and charged in his complaint that he had sustained grievous injuries to his person by being expelled from one of the company's passenger trains with unnecessary force. The case was tried upon an amended complaint, and the plaintiff had judgment upon the special verdict of a jury. The defendant pleaded the statute of limitations, alleging in its plea that by the original complaint, which had been filed within two years from the date of the alleged injury, the plaintiff sought to recover for injuries sustained to his person and property while being wrongfully expelled from the defendant's cars; that the complaint to which the plea was filed counts upon a right to recover for injuries suffered by being expelled from the train with unnecessary force, and that the amended complaint was not filed within two years from the date on which the cause of action therein mentioned accrued. The court committed no error in sustaining a demurrer to the plea. An amended complaint has relation ordinarily to

the date of the commencement of the action, and is regarded as a matter occurring in the continuation or progress of the original cause. Unless, therefore, some new claim or title, not previously asserted, is set up by way of amendment, a plea of the statute of limitations will be determined with reference to the date when the action was originally commenced. *School Town of Monticello* v. *Grant*, 104 Ind. 168; *Evans* v. *Nealis*, 69 Ind. 148. See, also, *Sidener* v. *Galbraith*, 63 Ind. 89, and cases cited.

Conceding the rule to be substantially as above enunciated, it is contended on the appellant's behalf that the answer was sufficient, nevertheless, because, the argument is, the amended complaint sets up a claim or cause of action not previously asserted. We do not concur in this view. Both complaints involve the same transaction. The *gravamen*, or substantial grievance complained of in both, is the personal injury suffered by the plaintiff in being ejected from the defendant's train. The original complaint proceeded upon the theory that the plaintiff sustained an injury to his person by being wrongfully expelled from a train on which he had a right to be. The amended complaint is predicated upon the same transaction and injury, but proceeds upon the theory that the plaintiff may have been wrongfully or carelessly on the train, and that he was ejected therefrom with unnecessary force, to his injury.

The first complaint was more comprehensive than the last, and embraced elements of damage which were not in the amended complaint, but the last embraced nothing that was not covered by the first.

It is next contended that the court erred in rendering judgment in favor of the plaintiff below on the special verdict returned by the jury. This contention rests upon the proposition that it is neither directly nor inferentially found that the plaintiff was without contributory fault on his part.

The doctrine of contributory negligence is not relevant to a case like the present, and parties must be consistent with

the theory on which their case proceeds, let the consequences fall where they may.

As we have seen, the action is to recover damages for injuries alleged to have been sustained by the plaintiff in being ejected from the defendant's train with excessive force and violence. Such an act is essentially unlawful. It is equivalent to an assault and battery, and no degree of carelessness on the part of the person assaulted furnishes any excuse for an unlawful invasion of the right of personal security. Beach Cont. Neg., section 22.

Contributory negligence is no defence against an intentional wrong. Every railroad company is bound to take notice of the liability of persons about to become passengers to board the wrong train, either by mistake or through ignorance or neglect. Instead of subjecting such persons to needless violence, it is the duty of the company to afford them all reasonable protection, and while no one is entitled to remain on a train in defiance of the rules and regulations of the company, its duty is to stop its train at some suitable place and use all reasonable precautions in affording one thus situate an opportunity to alight therefrom in safety. *Cincinnati, etc., R. R. Co.* v. *Carper,* 112 Ind. 26 ; *Rounds* v. *Delaware, etc., R. R. Co.,* 64 N. Y. 129.

It appeared in evidence that the plaintiff, desiring to be carried from Elwood to Curtisville, a distance of about six miles, purchased a ticket and entered upon one of the company's through trains, which, according to the published schedule, did not stop at the station last named. When he exhibited his ticket to the conductor he was informed by the latter that the train did not stop at the place to which he was destined, and that he must either pay his fare to a station beyond, or that the train would be stopped then and he could get off. The plaintiff chose the latter alternative, but claims that the conductor inflicted unnecessary and unlawful violence upon him while alighting from the train.

The plaintiff was permitted to testify, over objection, that

before purchasing the ticket at Elwood he inquired of the ticket agent whether the train would stop at Curtisville, and that he was informed that it would, and that he thereupon purchased his ticket and got upon the train when it arrived.

This evidence could only have been admitted for the purpose of showing that the plaintiff was not a trespasser, or that he was not guilty of negligence in entering upon the train from which he was expelled. As we have already seen, there was no question of negligence or contributory negligence in the case. It was an action for an unlawful invasion of the plaintiff's right of personal security, and proceeded upon the correct assumption that he was entitled to recover for injuries sustained by being ejected from the train with needless violence, even though he was upon the train without right. It was, therefore, wholly immaterial to any issue in the case to prove that he had acted with proper care in entering upon the train, or that he was brought into the situation in which he was found by the mistake of the ticket agent.

While a passenger has a right to rely upon information received from a ticket agent, when purchasing a ticket, as to matters relating to the places where the train upon which he desires to embark will stop, and to recover from the company all resulting damages in case he is misled without his own fault, he has no right to remain upon a train without paying additional fare, contrary to the rules of the company, after he has been notified that the train will not stop according to the information received from the ticket agent. The conductor can not be required to deviate from the rules under which he is compelled to run his train, nor to run his train except in conformity to the schedule, which the law requires shall be posted up for the information of all, upon the statement by a passenger of information received from a ticket agent. *Pittsburgh, etc., R. W. Co.* v. *Nuzum,* 60 Ind. 533; *Lake Shore, etc., R. W. Co.* v. *Pierce,* 47 Mich. 277; *Yorton,*

v. *Milwaukee, etc., R. W. Co.* 54 Wis. 234; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; and cases cited; 2 Wood R. W. Law, 1415.

The passenger's right to recover damages which he may have sustained by being misled by the ticket agent, is a right of action altogether different and distinct from one which arises out of an assault and battery committed upon him by the conductor in ejecting him from the train with needless violence. If the plaintiff was damaged by the misinformation negligently communicated to him by the defendant's ticket agent, he has his right of action for that yet, and it was therefore prejudicial error to permit him to prove the negligence of the ticket agent and get the benefit of that element in the present case, while the defendant was deprived of any right to insist that the plaintiff was guilty of contributory negligence. If the question had been upon the company's negligence, arising out of the conduct of its ticket agent, then the doctrine of contributory negligence would have been applicable. Possibly the plaintiff was negligent in not looking at a train schedule, which may have been at hand, or he may have known, for all that appears in this case, that the train did not usually stop at Curtisville. It can not be said that the evidence was harmless. This is only another application of the rule that a party will be bound by the theory upon which his case proceeds, through all its stages.

The judgment is reversed, with costs.

Filed April 5, 1889.