THE PITTSBURGH, CINCINNATI, AND ST. LOUIS RAILWAY
COMPANY v. NUZUM.

RAILROAD.—*Right of Passenger Purchasing Ticket for a Certain Train.*—If a person purchase a ticket expressly for a particular train of cars, and at the time of the purchase he is informed by the agent of the railroad company that the train will stop at the station for which the ticket is purchased, he will have a right to take passage on such train, and it will be the duty of the railroad company to allow him to leave the train at that station.

SAME.—In an action against a railroad company for failing to stop a train, and let a passenger off, at a station for which he had purchased a ticket, where the evidence tended to show that the defendant ran two daily trains that stopped at the station for which the passenger held the ticket, and also ran a through train, which, by the rules of the company, was not allowed to stop at such station, and that when the ticket was taken up by the conductor on the latter train, he informed the plaintiff that he must get off at a station before reaching the one for which he held a ticket, or go to the next station beyond, and that the plaintiff voluntarily went on to the station beyond, it was error to instruct the jury that if the plaintiff purchased his ticket for the station at which he wished to stop, he had a right to enter the first train due after he purchased the ticket, unless he was informed, before he entered the train, that it would not stop at the station for which the ticket was purchased.

SAME.—*Duty in Running Trains.*—The duty of a railroad company to the public requires that she should run her trains according to her rules and regulations, without infringing upon them to accommodate a single passenger.

SAME.—*Duty of Passengers.*—It is the duty of a person about to take passage to inquire when, where, and how he can go or stop according to the regulations, and if he makes a mistake which is not induced by the agents of the railroad company, he has no remedy.

SAME.—*Duty of Railroad Company as to Stoppage of Trains.*—A railroad company is not bound to stop a train and allow a passenger to get off, except at a regular station or stopping place.

From the Grant Circuit Court.

*N. O. Ross,* for appellant.

*J. Brownlee* and *R. W. Baily,* for appellee.

BIDDLE, J.—The complaint in this case alleges that the appellant was the owner of a railroad line, running from Columbus, Ohio, with its cars and locomotives, to Chicago, Illi-

nois, by the way of Union City, Marion, Sweetser, Xenia, and Logansport, over and upon which the appellant, as a common carrier, carried passengers and baggage; that the appellee purchased a ticket for a first-class passage in said cars, along said railroad, from Union City to Sweetser, on the night passenger train; that he was received into said cars on said train, to be so carried; that the appellant, though requested to do so, refused to stop the train at Sweetser and allow the appellee to get off the car, although the conductor took up said ticket for said passage; that in consequence of such refusal the appellee was carried on westward to Xenia, the next station west of Sweetser, where he was landed between midnight and daylight, and was compelled to go to a hotel to lodge, and remain until eight o'clock next day before he could return to Sweetser; that he was thus put to much expense, delay, etc.; wherefore, etc.; all of which is properly alleged.

The complaint was answered by three paragraphs. Issues were formed on the first and second paragraphs of answer. The third paragraph, admitting that the appellant was a carrier over the road, as alleged, the purchase of the ticket, etc., averred that she ran two daily trains from Union City to Sweetser, which trains always stopped at Sweetser, and also ran a through train from Columbus, Ohio, to Chicago, Illinois, which, by the rules and regulations governing said railroad, was not allowed to stop at Sweetser; that when said ticket was taken up the appellee was informed by the conductor that the train he was on was not allowed to stop at Sweetser; that he, the appellee, would have to get off at Marion, the first station east of Sweetser, or go on to Xenia, the next station west of Sweetser; that the appellee voluntarily passed on to Xenia, and got off at that station; with some other averments not material to the question raised.

To this paragraph the appellee replied, that he purchased the ticket expressly for the train on which he took passage; that it was the first train which ran to Sweetser after he purchased his ticket; that he had no knowledge that the train would not stop at Sweetser, but, on the contrary, avers that

he was informed by said appellant, at the time he so purchased said ticket, that said train would stop at said station of Sweetser, and allow him to leave the same, etc.

To this parapraph of reply, the appellant demurred for want of alleged facts.   The demurrer was overruled by the court below, exception taken, and error assigned in this court.

We do not think the court erred in this.   If the appellee expressly purchased the ticket for that train, and at the time was informed by the appellant that the train would stop at the station Sweetser, he had a right to take passage on it, and it became the duty of the appellant to allow him to leave the train at that place.

A trial by jury was had, verdict for appellee, motion for a new trial overruled, exception, and appeal.

The evidence, instructions refused, and instructions given, exceptions taken, and errors assigned, are all properly before us.

At the request of the appellee, the court instructed the jury as follows:   " If the jury find that plaintiff purchased a ticket for Sweetser, and the train in which he entered was the first train that was due after the purchase, he had a right to enter on that train, unless he was informed that that train would not stop at Sweetser, before he entered the train."

There was evidence tending to prove the facts alleged in the third paragraph of answer.   In view of this, we think the instruction was wrong.   It amounted to saying to the jury, that notwithstanding the appellant ran two daily trains which stopped at Sweetser, yet, if the train upon which the appellant took passage was the first one due at Union City after he purchased his ticket, the appellant was bound to have it stopped at Sweetser to allow the appellee to get off, although by the regulations of the appellant that train was not allowed to stop at that station.   Under such circumstances, the appellant was not bound to stop her train at Sweetser.   It was the duty of the appellant to the public to run her trains according to her regulations.   These could not be infringed to accommodate a single passenger.   It was the duty of the appellee to

inform himself when, where, and how he could go, or stop, according to the regulations of the appellant's trains, and if he made a mistake, which was not induced by the appellant, he has no remedy. *Cheney* v. *The Boston and Maine R. R. Co.*, 11 Met. 121 ; *Boston and Lowell R. R. Co.* v. *Proctor*, 1 Allen, 267 ; *Johnson* v. *The Concord R. R. Cor.*, 46 N. H. 213 ; *The Cleveland, etc., R. R. Co.* v. *Bartram*, 11 Ohio St. 457.

A railroad company is not bound to stop and allow a passenger to get off, except at a regular station or stopping place. *The Columbus, etc., R. W. Co.* v. *Powell*, 40 Ind. 37.

The appellant moved the court to instruct the jury as follows : "If the jury find that at the time the plaintiff entered the car of the defendant to be conveyed from Union City to the station Sweetser, and at the time he purchased of the defendant a ticket entitling him to such conveyance, said station of Sweetser was not a regular stopping place for said train, and had not been for more than one month before that time, and you further find that the defendant had one or more other daily trains passing over said road that did stop regularly at Sweetser, then it was the plaintiff's own misfortune that he got upon the wrong train, and he cannot recover." This instruction was refused.

We think this instruction states the law that governs the case, even tenderly expressed toward the appellee ; and as there was evidence before the jury to which it was applicable, it was error to refuse it.    See authorities cited, *supra.*

There is a point raised in the record upon the admission of certain evidence, which is not clear to us ; and as it may not arise in another trial, we leave it an open question.

The judgment is reversed ; cause remanded, with instructions to grant the motion for a new trial, and for further proceedings according to this opinion.

Opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.