FALKNER v. THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

RAILROAD.—*Regulations of.—Passengers on Freight Trains.*—Where due notice thereof is given and the necessary means for complying therewith is provided, a railroad company has the right to adopt a regulation prohibiting the conductors of its freight trains from carrying passengers thereon, who shall not have previously procured a specified kind of ticket.

SAME.—*Ejecting Passengers.*—Where a passenger having notice of and neglecting to comply with such regulation is ejected from such train by the conductor thereof, by the use of no more force than is necessary, he cannot maintain an action therefor.

From the Jennings Circuit Court.

*E. P. Ferris* and *J. Bundy*, for appellant.

*C. A. Beecher* and *E. C. Devore*, for appellee.

BIDDLE, J.—The complaint of the appellant, against the appellee, in this case, avers, that he entered the car of a freight train belonging to the appellee, as a passenger, and tendered the fare to the conductor, who refused to receive it, but stopped the train and ejected the appellant from the car.

The complaint contains three paragraphs, but they are not different in legal effect. No question is made upon the complaint.

The appellee answered,

1st. The general denial; and,

2d. As follows:

That, at the time and before the occasion complained of, the appellee kept constantly equipped and furnished a great number of passenger cars and passenger trains, to accommodate persons who desired to travel on said road, expressly devoted to carrying passengers, which trains ran daily both ways along the road the appellant desired to travel upon, as described in the complaint; and also, at said time and place, were so running cars and trains, calculated and set apart for carrying freight especially, and, to a limited extent, under certain rules and regulations, carried passengers on said freight trains. By said rules and regulations, the conductors were prohibited from carrying passengers on said freight trains, unless they were provided with a freight train order, a round trip ticket, a thousand-mile ticket or a pass, before getting on said trains; that the appellant neglected to provide himself with a freight train order, a round trip ticket, a thousand mile ticket or a pass, before getting on the train, although the same were kept for sale, at all hours, at the defendant's depot and office, at said place; that said rules and regulations were, at said time, conspicuously printed and posted up at the appellee's said depot and office, at said place, and at all ticket, passenger and freight stations on their said road, and, by the terms of said regulations, the agents and conductors of said company were required to see them strictly enforced; that the appellant made no effort whatever to purchase a freight train order, round trip ticket or thousand-mile ticket, before getting on said train, and had no pass; but, in defiance of said regulations, went upon said freight train, at said place, and demanded to be taken thereon to said Brownstown, without

Falkner *v.* The Ohio and Mississippi Railway Company.

having provided himself with either of said requisites; and thereupon the conductor stopped said train and put the appellant off of the same, using no more force nor compulsion than was reasonably necessary. Wherefore, etc.

This paragraph is more full than we have stated it, as to the description of the road, the point the appellant got on the train, his destination, depots, stations, etc., but the above are the substantial facts averred.

A demurrer to this paragraph, alleging a want of sufficient facts, as ground, was overruled, and exceptions reserved by the appellant. The case was then tried by a jury, resulting in a verdict and judgment for the appellee; but no question arising at the trial has been reserved.

The only assignment of error is, overruling the demurrer to the second paragraph of the answer.

Railroad companies do not, as a general rule, hold out their freight trains to the public as means of carrying passengers. The construction of the cars, the inconvenience of their means of entrance and exit, their want of seats for passengers, their various appliances and their general appearance forbid such a presumption. A passenger, as a general rule, has no right to take passage on a freight train. He must know, from their general appearance and the structure of the cars, that they are not adapted to receive passengers for travel. If the company, in exceptional cases, carry passengers, the passenger must inform himself accordingly, and comply with its terms. He has not the same right to take passage in a freight car, on a freight train, as he has in a passenger car, on a passenger train.

Railroad companies have the right to make reasonable rules and regulations in managing and conducting their trains, and the passengers, when they are reasonable, must comply with them. We think the rules and regulations set out in the answer we are considering,

as applicable to a freight train, are reasonable, and that it was the duty of the appellant to comply with them, if he desired to travel thereon; and if he would not do so, the conductor had the right, and it was his duty under the regulations, to put him off of the train,—using no unnecessary or improper force in doing so.

The following authorities fully sustain these general principles: *The Evansville, etc., R. R. Co.* v. *Duncan*, 28 Ind. 441; *The Pittsburgh, etc., R. W. Co.* v. *Nuzum*, 50 Ind. 141; *The St. Louis, etc., R. W. Co.* v. *Myrtle*, 51 Ind 566; *The Ohio, etc., R. W. Co.* v. *Applewhite*, 52 Ind. 540; *Cheney* v. *The Boston, etc., R. R. Co.*, 11 Met. 121; *Hibbard* v. *The New York and Erie R. R. Co.*, 15 N. Y. 455; *The Cleveland, etc., R. R. Co.* v. *Bartram*, 11 Ohio State, 457; *Johnson* v. *The Concord R. R. Corporation*, 46 N. H. 213; *The Baltimore City, etc., R. R. Co.*, v. *Wilkinson*, 30 Md. 224; *The Chicago, etc., R. R. Co.* v. *Randolph*, 53 Ill. 510; *Dietrich* v. *The Pennsylvania R. W. Co.*, 71 Pa. State, 432.

The judgment is affirmed, with costs.