576     SUPREME COURT OF INDIANA.

The Pittsburgh, Cincinnati and St. Louis R. W. Co. v. Vandyne.

---

THE PITTSBURGH, CINCINNATI AND ST. LOUIS R. W. CO. v. VANDYNE.

RAILROAD.—*Passengers.*—*Regulations Concerning.*—*Purchase and Exhibit of Ticket.*—A railroad company may establish and enforce a regulation requiring a person desiring passage on its trains to procure, and to exhibit to its employees, before entering its cars, a ticket entitling him to such passage.

SAME.—*Intoxication of Passenger.*—A railroad company may refuse to receive

and carry as a passenger any person who is so intoxicated as to be dis-
gusting, offensive, disagreeable or annoying, as long as he continues in
that condition, though he may have purchased a ticket entitling him to
passage.

SAME.—Slight intoxication, such as would not seriously affect the conduct
of the passenger, will not justify a railroad company in refusing to re-
ceive and carry him.

From the Pulaski Circuit Court.

*N. O. Ross*, for appellant.

*G. T. Wickersham*, *S. E. Perkins, Jr.*, and *F. M. Trissal*,
for appellee.

BIDDLE, C. J.—The complaint of the appellee, against
the appellant, avers, that the appellant was operating their
railroad, running from Winamac, in Pulaski county, to
Logansport, in Cass county; that they were common
carriers of passengers; that he purchased a ticket for
a passage from Winamac to Logansport; that when he
applied for entrance and tried to go into the appellant's
passenger car, he was prevented by the employees of the
road, expelled therefrom, and thrown down upon the
platform, etc.

There is a second paragraph of complaint substantially
the same as the first.

The sufficiency of each paragraph was tested by a de-
murrer, and, as we think, very properly held good. We
do not, however, state any more of the complaint than is
necessary to show the application of the subsequent pro-
ceedings to its allegations.

The complaint was answered by three paragraphs:

First. A general denial.

Second. "That, at the time of the committing of the
supposed grievances complained of in the complaint, the
defendant had established a rule requiring all passengers,
before entering its cars, to procure, and exhibit to its em-
ployees having charge of the train, a ticket showing the
prepayment of the fare to the point of destination of such

passenger; and that no person was entitled to enter its cars without complying with said rule; that, at the time complained of, the plaintiff failed to show any such ticket, upon being requested so to do by the employees of the defendant, and he was, for that reason, excluded from the car by the servants of the defendant, as of right he might be. And the defendant denies all charges of ill-usage or maltreatment in the complaint alleged, other than refusing him admission upon the train aforesaid; and the defendant denies that he offered to pay the conductor his fare before entering the train."

Third. That, at the time the plaintiff applied for admission into the defendant's cars, as alleged in the complaint, he was intoxicated, and, by such intoxication, in his crippled condition, was rendered unfit to enter the defendant's cars, and unsafe to be received as a passenger, and that he was excluded from entering the defendant's cars for that reason; and the defendant denies all improper conduct on the part of her employees.

Demurrers were filed to the second and third paragraphs of answer, and sustained, and exceptions reserved.

A jury trial was had upon the issue of the general denial, and a verdict found for the appellee, a motion for a new trial overruled, exception reserved, and appeal taken to this court.

We have frequently held, that railroad companies have the right to make proper regulations for the management of their engines, trains, cars, etc., and the manner of receiving and carrying passengers, when such regulations are reasonable and not inconsistent with their charters, nor against general law; and we think the regulations set up in the second paragraph of the answer are reasonable, and within the power of the company to make. It is the duty of passengers to conform themselves reasonably to such rules when ascertained; if they do not, and are injured by their own negligence, without the fault of the company, they have no remedy. *The Pittsburgh, etc., R.*

*R. Co.* v. *Van Houten,* 48 Ind. 90; *The Pittsburgh, etc., R. W. Co.* v. *Nuzum,* 50 Ind. 141; *The St. Louis, etc., R. W. Co.* v. *Myrtle,* 51 Ind. 566; *The Ohio, etc., R. W. Co.* v. *Applewhite,* 52 Ind. 540; *Falkner* v. *The Ohio, etc., R. W. Co.,* 55 Ind. 369.

According to these authorities, and upon sound legal principles, we must hold the second paragraph of answer sufficient to constitute a defence to the action.

The appellant also insists, that the third paragraph of his answer is sufficient. A railroad company is not bound to receive any person as a passenger who is drunk to such a degree as to be disgusting, offensive, disagreeable, or annoying; and a person so drunk as to be likely to violate the common proprieties, civilities, and decencies of life, has no right to a passage while in that condition. The comfort and convenience of passengers generally must be protected, their opinions and feelings regarded, and proper decorum observed; and although, in a railroad passenger car, neither the highest breeding of the drawing-room, nor the fastidious delicacy of the parlor, is required, yet the behavior of all persons therein should be becoming to the place and the general character of the passengers. Slight intoxication, such as would not be likely to seriously affect the conduct of the person intoxicated, would not be sufficient ground to refuse him passage in a public car, although his behavior might not be in all respects strictly becoming.

The legal principle upon which the third paragraph of the answer is founded is correct, but the facts are not very carefully pleaded. The degree of intoxication is not clearly and fully stated. The allegations, that the appellee, by such intoxication, in his crippled condition, was rendered unfit to enter the defendant's cars, and unsafe to be received as a passenger, are rather conclusions from facts, than the facts from which the conclusions are drawn. Perhaps the appellee might have had the facts stated in the paragraph made more specific on motion, but, as he

did not see proper to do so, we think they are sufficiently alleged to withstand a demurrer.

In our opinion, the court erred in sustaining the demurrers to the second and third paragraphs of answer.

Other questions, touching the rejection of certain evidence offered and rejected, and giving and refusing to give certain instructions to the jury, are presented in the record, but we need not examine them. They will probably not arise again, but, if they should, our views upon the demurrers to the third and fourth paragraphs of the answer will indicate the proper ruling upon the instructions.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings.