Opinion by
Will-son, J.
§ 2 7 4. Reasonable regulation of railroad company; requiring passengers to exhibit tickets. Appellant adopted the following rule: “Rule 15. Conductors are required to station their brakemen and train porter on the depot platforms where the trains stop and have them examine tickets, allowing no one to get aboard without a ticket *207 or pass.” Held, that this was a reasonable regulation, and is not in conflict with section 9 of the act of April 10, 1883, or in any way affected by said act. [Gen. Laws, 18th Leg. p. 70.] Nor is it in conflict with any other law of this state. That the regulationis a reasonable one, see the following authorities: Hibbard v. R. R. Co. 15 N. Y. 455; Townsend v. R. R. Co. 56 N. Y. 295; State v. Chover, 7 Iowa, 205; R. R. Co. v. Vandyne, 57 Ind. 576; Com. V. Power, 7 Metc. (Mass.) 596; State v. Overton, 4 Zabriskie, 435; State v. Campbell, 32 N. J. L. 311; R. R. Co. v. Whitteman, 43 Ill. 422; R. R. Co. v. Flagg, id. 366; P. P. Car Co. v. Reed, 75 Ill. 130; R. R. Co. v. Bertram, 11 Ohio St. 457; Falkner v. R. R. Co. 55 Ind. 369; Swan v. R. R. Co. 6 Eng. & Am. R. R. Cases, 329; Lane v. R. R. Co. 2 Eng. & Am. R. R. Cases, 278; R. R. Co. v. Rose, 1 id. 252; Mosler v. R. R. Co. 17 Fed. Rep. 880; Hutchinson on Carriers, §§ 569-572; Cooley on Torts, 644; Breen v. R. R. Co. 50 Tex. 43.
§ 275. Duty of passenger to obey rule; right of carrier to eject passenger, etc. Plaintiff Goldstein had a ticket which entitled him to travel on defendant’s railroad from Georgetown to Roundrock, a distance of ten miles. He proceeded to board the train at Georgetown, and as he was doing so, was requested by the brakeman to show his ticket. He declined to show his ticket, but exhibited $1 in money to the brakeman, and against the protest of the brakeman boarded the train and took a seat in a car. Before the train started, the brakeman again requested him to show his ticket, and again he refused to do so, and again exhibited $1 in money, saying that the money was good for his fare. The brakeman, assisted by another person, then proceeded to eject the plaintiff from the train, but while they were in the act of ejecting him, he exhibited his ticket and was at once released, and took his seat in the car. In resisting the effort to eject him he received some slight scratches upon his hands, etc. He knew of the rule adopted by the company requiring passengers to show tickets before entering the 'cars, at *208 the time he boarded the train. He recovered judgment for $400. Held: The rule being a reasonable one, and appellee having knowledge of its existence, it was hj^ duty to obey it. Refusing to yield obedience to it, it was the right of the company to exclude or eject him from its train, and, in so doing, to use whatever force was reasonably necessary to accomplish that end; and if, under these circumstances, he sustained injuries, he is not entitled to recover for them. The fact that he had money to pay his fare, and exhibited the money instead of the ticket, did not defeat or impair the right of the company, under the circumstances of this case, to demand an exhibition of a ticket. It appears from the evidence that whatever injuries appellee may have sustained in this transaction, were the direct result of his own wrong, in persistently and unnecessarily refusing compliance with the reasonable regulation of the company.
June 25, 1884.
Reversed and remanded.