Sage *v.* The Evansville and Terre Haute Railroad Company.

Filed March 16, 1893.

---- ♦ ----

No. 15,755.

SAGE *v.* THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

EVIDENCE.—*Railroad.*—*Passenger.*—*Forcible Ejectment from Train.*—*Care and Good Faith on Part of Passenger Immaterial.*—*Harmless Error.*—In an action for trespass to one's person, in being forcibly ejected from a passenger train, it was not error for the court to refuse to let the plaintiff testify that he tendered forty cents to pay his fare, in good faith, honestly believing it to be the correct sum for such passage from Vincennes to Decker's Station. It would be wholly immaterial to prove that the plaintiff acted with proper care, and in good faith, for no degree of carelessness on his part could justify such trespass upon his person; and, if the case were tried upon the theory of a breach of contract to carry, the rejection of such evidence could, at most, amount to harmless error. Plaintiff having failed to purchase a ticket, or to ascertain the rules of appellant in regard to the payment of fare on the train, he was in fault, and the conductor having demanded of him ten cents more than what he (the passenger) supposed was the regular fare, he should have paid it and investigated the matter afterwards, and,

Sage *v.* The Evansville and Terre Haute Railroad Company.

refusing to do so, the conductor was justified in putting him off the train, regardless of plaintiff's good faith.

SAME.— *Railroad.— Passenger Fare.— Conductor's Report.— Harmless Error.*—In such case, the defendant was permitted to read in evidence the conductor's report of the number of passengers and fares on his trip north on the same day, showing that plaintiff on this trip between the same points had paid fifty cents fare, and, therefore, knew the correct fare. Defendant was not required to make such proof, and the evidence, while improper, was harmless to plaintiff.

RAILROAD.—*Rules and Regulations.— When Passenger without Ticket May be Charged Extra Fare.*—Railroad companies may require passengers to purchase tickets before taking passage upon trains, and in case facilities for so purchasing tickets are provided, those who do not purchase tickets may be required to pay extra fare upon the train.

INSTRUCTIONS TO JURY.—*Re-Instructing on Request of Jury.—Modifying Instruction Previously Given.*—Where a jury had been deliberating on their verdict, and the court, at the request of the jury, brought them into court and re-instructed them, withdrawing a part of an instruction given by the court on its own motion, there was no error in such proceeding.

From the Daviess Circuit Court.

*W. A. Cullop* and *C. B. Kessinger,* for appellant.

*J. E. Iglehart, E. Taylor, W. R. Gardiner, S. H. Taylor* and *C. G. Gardiner,* for appellee.

HOWARD, J.—This action was brought in the Knox Circuit Court, and on motion of appellee the venue was changed to Daviess county. The complaint is in two paragraphs. The first paragraph charges, that appellant was a passenger on a train of the appellee company, from Vincennes to Decker's Station; that he paid the conductor in charge of said train forty cents for his passage, said sum being the fare charged by appellee between said points; that, being carried about half the distance, the conductor stopped the train, and without refunding the amount so paid, without cause, wrongfully, wilfully and forcibly ejected appellant from the train, and refused to carry him further unless he paid fifteen cents addi-

tional fare; that he refused to pay the same; that he was assaulted, insulted and abused, whereby he suffered greatly in body and mind, for which he demanded damages.

In the second paragraph of complaint appellant alleges his reception upon a train of appellee as a passenger; that he paid forty cents to the conductor of the train, for his passage from Vincennes to Decker's Station, which was the regular and usual fare; that thereupon the conductor demanded ten cents more; that appellant refused to pay the same; that the conductor then said he would put appellant off at Purcell, an intermediate station ; that appellant stated that he had paid fare to Decker's Station, and did not want to go to Purcell, but to Decker's, that the train having passed Purcell, the conductor came and demanded fifteen cents extra to carry appellant to Decker's, which he refused to pay; that the conductor then threw down ten cents on a seat, and stopped the train, and, without refunding the the amount appellant claimed to have paid for passage from Vincennes to Decker's, assaulted and forcibly ejected appellant from the train; that he was cursed, abused and maltreated, and had to walk five miles to Decker's, on account of all of which he suffered mentally and physically, and demanded damages therefor.

A demurrer was overruled to the complaint, whereupon the complaint was answered by the general denial.

The record discloses the fact that there were two trials of the case in Daviess county.

On the first trial there was a verdict of one hundred and fifty dollars for appellant.

On application of appellee, this verdict was set aside and a new trial granted.

The second trial resulted in a verdict for appellee, and judgment was rendered thereon.

Appellant's motion for a new trial was overruled on April 1, 1890, and an appeal granted to this court.

In support of his motion for a new trial, the overruling of which is the only error assigned in this court, the appellant offers fifteen reasons.

"Of these reasons for a new trial, appellant," as stated in his brief, "relies on those which raise the question of the court's ruling on the admission of testimony, the giving of certain instructions on its own motion, and the refusal to give instructions requested by appellant."

To these questions, therefore, we shall confine our attention.

The rulings complained of as to the admission of evidence are given, in the motion for a new trial, as follows, and we will dispose of them in order:

5½. Refusal of the court to let the plaintiff testify that he tendered forty cents to pay his fare in good faith, honestly believing it to be the correct sum for such passage from Vincennes to Decker's.

If the contention of appellant, in his brief, were correct, that "This action was one for trespass to the person," the evidence thus sought to be elicited would certainly be incompetent. If this were an action for an unlawful invasion of appellant's right of personal security, then it would be wholly immaterial to prove that he had acted with proper care and in good faith, for no degree of carelessness on his part could justify such trespass upon his person. *Chicago, etc., R. R. Co.* v. *Bills*, 118 Ind. 221. But not only the pleadings, but also the evidence in the record and the instructions of the court show that the parties, as well as the court, treated this action as one for damages for failure of appellee to observe its contract with appellant—that is, to carry him, "after being paid the regular and usual fare," from Vincennes to Decker's Station. If appellee failed in that

duty, the trespass on the person is but an aggravation of the wrong. This is not such a case as the *Chicago, etc., R. R. Co.* v. *Bills, supra.* In that case the amended complaint upon which trial was had proceeded "upon the theory that the plaintiff may have been wrongfully or carelessly on the train, and that he was ejected therefrom with unnecessary force." *Chicago, etc., R. R. Co.* v. *Bills, supra.*

In the case before us, appellant, in the first paragraph of his complaint, says that he was admitted into appellee's train at Vincennes, and took passage for Decker's Station; that, as such passenger, he paid the conductor the sum of forty cents, being the fare charged from Vincennes to Decker's, and that the conductor, after being so paid the regular and usual fare beetween said points, carried appellant about half the distance, when he stopped the train, and, without any fault of plaintiff, forcibly ejected him. The second paragraph is to like effect.

On the theory on which the case was tried, it. was at most harmless error to exclude the evidence sought to be elicited by allowing the plaintiff to testify that he tendered forty cents to pay his fare, in good faith, believing that to be the correct sum for such passage from Vincennes to Decker's. The good faith of appellant, his belief that forty ceuts was the correct fare, could not affect the contract between the carrier and the passenger.

In the case of *Toledo, etc., R. W. Co.* v. *Wright,* 68 Ind. 586, Mr. Chief Justice Howk, in reference to a similar question, said: "It is not claimed or pretended that he (the passenger) could not have readily ascertained, by proper inquiry, the rules and regulations of the appellant (railroad company) in regard to the purchase and price of tickets and the payment of passenger fare on the train. If he did not know the appellant's rules on these subjects, he ought to have inquired of its agents

before he became a passenger on its cars. It is not claimed that he did not have an abundance of time and ample opportunity to make all proper inquiries, and purchase a ticket of the appellant's agent at Antioch before he entered the cars. Having failed to purchase a ticket, or to ascertain the rules of the appellant in regard to the payment of passenger fare on the train, he was in fault, and when the conductor demanded of him ten cents more than what he (the passenger) supposed was the regular fare, he should have paid the money and investigated the matter afterward. Upon his refusal to pay his fare, the conductor was fully authorized and justified, as we have already said, in putting him out of the cars and off the train, at any place not dangerous to his life or limbs.'' So in the case at bar; and the evidence as to the good faith and honesty of the appellant could not be material.

The next ruling complained of as to the admission of evidence is:

6. Error in permitting defendant (appellee) to read in evidence the report of James E. Baker, conductor, of the number of his passengers and fares on his trip north on the morning of September 2, 1889. This was harmless error. The object of reading this report in evidence was to show that appellant, on the morning of the day on which he was ejected from the train going south, had paid fifty cents fare on his trip north, between the same points, and that, consequently, he knew that to be the correct fare. Appellee was not required to make this proof. Appellant, as we have seen, was bound to enquire before he went upon the train as to whether or not there was a difference between ticket fare and train fare. Appellee was not required to make proof of appellant's knowledge of such difference. The evidence, while improper, was harmless to appellant.

The other rulings complained of, as to the admission

of evidence, may be disposed of in like manner. It is not questioned that tickets were on sale at the Vincennes station on the day that appellant took passage on appellee's train from Vincennes to Decker's, or that appellant could have procured a ticket before he entered the train, or that he could have learned whether the rules of the railroad company provided that a greater charge would be made for passage between the points if the money were paid on the train than if it were paid for a ticket bought at the station. It was not material that he or some one else had been allowed to ride on the train for ticket fare paid on the train. A violation of the rules by other conductors, or at other times by the same conductor, could give no rights to appellant. It is a reasonable and recognized rule that railroad companies may require passengers to purchase tickets before taking passage upon trains, and that in case facilities for so purchasing tickets are provided, those who do not purchase tickets may be required to pay an extra fare upon the train. *Pittsburgh, etc., R. W. Co.* v. *Vandyne,* 57 Ind. 576; *Falkner* v. *Ohio, etc., R. W. Co.,* 55 Ind. 369; *Jeffersonville R. R. Co.* v. *Rogers,* 28 Ind. 1; *Indianapolis, etc., R. W. Co.* v. *Rinard,* 46 Ind. 293; *Jeffersonville R. R. Co.* v. *Rogers,* 38 Ind. 116; *Toledo, etc., R. R. Co.* v. *Wright, supra;* *Baltimore, etc., R. R. Co.* v. *McDonald,* 68 Ind. 316.

What has been said as to the evidence disposes of almost all questions as to the giving and refusing of instructions. Appellant requested ten instructions. Of these, the court refused the first nine and gave the tenth, and then gave nine additional instructions on its own motion. The instructions given by the court stated the law correctly upon all the pleadings and the evidence in the case. They are very full and complete, and state the law in the most favorable light for appellant. The in-

structions given, taken together, cover all instructions requested by appellee that are correct, and state the law of the case correctly.

Appellant complains of it as special error that the court, on request of the jury, after they had been deliberating on their verdict for one hour, brought them into court and re-instructed them, withdrawing a part of the sixth instruction given by the court on its own motion. This was proper. *Farley* v. *State,* 57 Ind. 331.

There is no available error in the record.

Judgment affirmed.

Filed March 11, 1893.