Filed June 21, 1893.

------◆------

No. 766.

THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* LIGHTCAP.

RAILROAD.—*Rules and Regulations.—Duty of Passenger to Acquaint Himself With.*—A railroad company has the right, and it is its duty, to operate its trains in accordance with established rules, and it is not bound to infringe upon its rules for the accommodation of a passenger. It is also the duty of one about to become a passenger to use reasonable diligence in acquainting himself with such rules and

regulations of the company as may affect him as a passenger, and if he fails to do so and makes a mistake, he has no remedy.

SAME.—*Passenger.—Return Coupon to Station at Which Train is not Scheduled to Stop.—Refusal to Accept.—Complaint.—Necessary Allegation.*—Where a person bought a roundtrip ticket entitling him to a passage both ways between the stations A. and B. on a certain line of railroad, and having made the trip from A. to B., said passenger boarded a passenger train running on the line of railroad, from B. to A., on his return trip, and his fare being demanded, he presented the return coupon, which was still in life, and which the conductor refused, and demanded $2.20 fare of said passenger, which, to prevent being expelled, he paid; and in an action brought by said passenger for the alleged wrongful demanding and receiving of the fare, $2.20, and the resulting injury to his feelings, it not appearing in the complaint that said train was scheduled to stop at A., but appearing therefrom that all trains were required by law to stop at A., it being a place where several railroads cross each other, the complaint was insufficient for failure to allege that A. was a station at which said train was scheduled to stop, the railroad company not being bound to receive the coupon, unless said train, by schedule, was required to stop at A., it being presumed that the fare demanded, $2.20, was the fare to the first station at which said train was scheduled to stop beyond where the plaintiff took passage. The mere fact that plaintiff and others, when the train stopped at the crossing at A., availed themselves of the opportunity of alighting therefrom, can not affect the rights of the company.

From the Pulaski Circuit Court.

*N. O. Ross, G. Ross* and *J. W. Nichols,* for appellant.
*J. M. Spangler, W. Spangler* and *H. R. Robbins,* for appellee.

REINHARD, J.—Lightcap sued the railroad company for damages.   He alleges, in his complaint, that the appellant, on the 14th day of July, 1891, owned and operated a railroad and was a common carrier of passengers for hire, between North Judson, in Stark county, Indiana, and Logansport, in the same State; that on said day the appellee purchased a ticket from the appellant, entitling him to ride from North Judson to Logansport, and from there back to North Judson, and that he paid

Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co. *v.* Lightcap.

therefor the sum of $2.20, which was the regular price for first-class fare; that, in pursuance of the contract, the appellant carried the appellee to Logansport and returned to him his "return coupon," entitling him to ride from Logansport back to North Judson; that on the following day, and within the life of the ticket, the appellee got on board of one of appellant's passenger coaches going from Logansport to and through North Judson, which is a regular station on appellant's road, and the crossing of two other railroads, and, according to law, the appellant is bound to stop all her trains at North Judson, and did stop said train at said station and permitted appellee and three other passengers to alight therefrom at said station on said day. And while riding in appellant's passenger coach, and in care of appellant's servants, the conductor on said train demanded from appellee his fare, whereupon the latter tendered the conductor said coupon ticket, which he refused to take or accept, and demanded of appellee two dollars and twenty cents in money. Appellee protested against this demand, but to avoid expulsion from the car by said conductor he was compelled to and did give the latter the said sum claimed by him; that said conductor threatened to and would have put appellee off the train had he not given him said amount. Appellee was greatly mortified and humiliated by being thus compelled to part with his money in the presence of the passengers of said coach, and endured great mental suffering in consequence of said treatment, as well as the loss of his money, to his damage in the sum of $5,000.

The overruling of a demurrer to this complaint constitutes the first error relied upon for a reversal of the judgment.

It will be noticed that in the complaint there is an entire absence of any averments that the train upon which

appellee had taken passage to North Judson was sched-
uled to stop at the station or depot at that point for the
purpose of receiving and discharging passengers. Nor
is there any allegation that it was the appellant's custom
to stop said train, or that the other railroads mentioned
crossed appellant's road at or near the company's station
at North Judson.

There is an averment that appellant was required, by
law, to stop at North Judson, and did stop there, but at
what point, and whether or not the said stopping place
was near said company's station there, is not stated, and,
so far as the complaint informs us to the contrary, it may
be quite true that the appellant's station and stopping
place at North Judson, of the train in question, were
separate and distinct places, and any distance apart the
one from the other.

It is true there is an averment that in this instance
the train stopped "at said station" and permitted the ap-
pellee and three other passengers to alight, but whether
such stop was in consequence of the payment of fare by
the appellee, or in consequence of the railroad crossings,
or for the purpose of allowing passengers to leave the
train, does not appear.

Doubtless, a railroad company not only has the right
but it is its duty to operate its trains in accordance with
established rules and regulations, and upon these it is
not bound to infringe in order to accommodate a single
passenger.

On the other hand, it is the duty of one about to be-
come a passenger to use reasonable diligence in acquaint-
ing himself with the rules and regulations of the com-
pany respecting the time when, the place where, and the
circumstances under which a train upon which he de-
sires to travel may go or stop according to the com-
pany's rules and regulations; and if, by neglecting to do

so, he makes a mistake, he can have no remedy, if he be carried past his destination or ejected before getting there. *Pittsburgh, etc., R. W. Co.* v. *Nuzum*, 50 Ind. 141; *Ohio, etc., R. W. Co.* v. *Applewhite*, 52 Ind. 540; *Ohio, etc., R. W. Co.* v. *Hatton*, 60 Ind. 12; *Chicago, etc., R. R. Co.* v. *Bills*, 104 Ind. 13; *Chicago, etc., R. R. Co.* v. *Bills*, 118 Ind. 221.

If under the company's regulations the train upon which appellee had taken passage was not required to stop at North Judson, the appellee had no right under his contract to travel upon that train by reason of the ticket he held. The mere fact that the train was compelled to stop, and did stop, on account of the railroad crossing at North Judson, did not give the appellee any right under his contract to go upon such train, which, for aught that is pleaded, may have been a limited one between Logansport and some point beyond North Judson.

When he entered the appellant's coach with no ticket other than the one he presented, he became a trespasser, and could lawfully remain upon the train only by paying his fare to the first regular stopping station, unless the conductor consented to carry him to North Judson on his return coupon. If he refused to pay such fare, the conductor would have had the right to stop the train at once and compel him to leave it, or he could have done what it seems he did do,—collect fare from him to the first station at which the train was scheduled to halt.

Had the conductor chosen to carry him past North Judson and to the next stopping point, the appellee would have been without redress for being carried beyond his point of destination. The conductor, it would seem, chose to exercise his right of collecting fare to the next station where the train was scheduled to stop.

If, when the train reached North Judson and stopped

Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co. v. Lightcap.

on account of the crossing, the appellee and others availed themselves of the opportunity to alight, the company can not be deemed to have waived its right to carry passengers on said train only between Logansport and some point beyond North Judson.

Neither under its contract nor by virtue of its general duty as a carrier did appellant violate its obligations to the appellee. It never agreed to carry him to North Judson upon this train, and it was under no legal duty to do so.

If appellee chose to remain on the train as a passenger to some point beyond North Judson, taking his chances for getting off at North Judson, that was for him alone to determine. But the mere fact that the train was obliged to halt, and did so at the railroad crossing, and by reason of the same, which is the utmost that can be made out of the averments; gave the appellee no rights as a passenger to that point by virtue of his return ticket, in the absence of any agreement to take him there, for his ticket would have been valid only on some train that was scheduled to stop at North Judson, and that this was such a train is not averred.

The $2.20 collected may have been for fare to the next regular stopping point, and this we think the conductor had a right to exact of the appellee. If the latter availed himself of the opportunity to leave the train when it stopped at the crossing, notwithstanding the fact that he had paid his way to the next stopping station, he can not now be heard to complain.

Other errors relied upon need not now be considered.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Ross, J., took no part in the decision of this case.

Filed May 24, 1893.