Filed June 20, 1893.

———◆———

No. 858.

THE CHICAGO AND ERIE RAILROAD COMPANY v. FIELD.

RAILROAD,—*When One is a Passenger.*—*When a Trespasser.*—*Paying Fare to Brakeman.*—*Expulsion from Train.*—F. was at A., a station on defendant's line of railroad, and desired to go to H., a station on the same line of road. When the train stopped at A., F. entered the front platform of the express car; and, after the train had started on its way, a brakeman presented himself to F. and demanded to know where he was going, and his fare. F. paid the brakeman the fare from A. to H., and still remained on the platform of the express car, until, when a short distance from H., he was discov-

The Chicago and Erie Railroad Company *v.* Field.

ered by the conductor and expelled from the train, and compelled to walk the remaining distance to H. F. brought suit against the railroad company for breach of contract of carriage.

*Held,* that the payment of the fare to the brakeman created no contractual obligation between F. and the company, and being at a place and upon a vehicle not set apart for passengers, he was a trespasser, and could rightfully be ejected therefrom.

*Held,* also, that F. was not entitled to recover for breach of contract, and the complaint being drawn upon that theory, he could recover on no other.

SAME.—*Rules and Regulations.*—*Duty of Passenger to Know and Obey.*—*Authority of Employes.*—Railroad companies have the right, and it is their duty, to run their trains in accordance with established rules and regulations, and passengers must use reasonable diligence to acquaint themselves with the same; and where the regulations are reasonable, it is the duty of passengers to comply with them. And it is not within the power of a conductor or trainman or other employe of a railroad to permit a person to ride upon a vehicle not intended for the conveyance of passengers.

From the Lake Circuit Court.

*O. Gresham* and *J. W. Youche,* for appellant.

*R. Gregory,* for appellee.

REINHARD, J.—The appellee instituted this action against the appellant, a common carrier of passengers, for failing to carry him as per contract from Auburn Park, Illinois, to Hammond, Indiana.

Upon issues joined there was a trial by jury, resulting in a verdict and judgment in favor of the appellee. Among the errors assigned and discussed by appellant's counsel are those of the overruling of its motion for a judgment in its favor upon the special verdict of the jury, and the sustaining of the appellee's motion for judgment in his favor upon such verdict.

It appears, from the facts found in the special verdict, that on the 13th day of September, 1891, the appellant corporation was operating a railroad between Chicago, Illinois, and Hammond, Indiana. On that day, at about 8 o'clock P. M., the appellee was at Auburn Park,

Illinois, and desired to go to Hammond, Indiana. The appellant's train, No. 12, being then on its way from Chicogo to Hammond, stopped at Auburn Park, but for what purpose is not disclosed. The appellee boarded an express car on said train and stood upon the front platform thereof, in company with two companions, said car being the first one in the rear of the locomotive and in front of the passenger coaches, and continued to ride thereon until the happening of the alleged grievance. After the train had started on its way, one of the trainmen of the appellant, wearing the uniform of the company, having the word "Erie" marked upon each side of his collar, and the word "Trainman" above the visor of his cap, presented himself to said parties and demanded of them where they were going, and their fare. The appellee replied that he was going to Hammond, and handed the trainman fifty cents, which the latter accepted and placed in his pocket, and shortly afterwards left said platform. The regular fare from Auburn Park to Hammond was forty cents. When the train reached "State Line," the conductor came forward, and discovering said persons on the platform, ordered them to leave the train, making threats of violence against them, and using abusive and profane language. The appellee left the train and walked to Hammond, a distance of one mile, under some difficulty.

The jury found that by the printed rules of said company passengers are not allowed to ride on the platforms of express cars; and that upon the outside of the doors of each and every passenger car on said train a metallic strip was fastened, upon which was written, "Passengers are not allowed to stand on the platform while the cars are in motion." The appellee did not have any actual knowledge of these regulations, nor did he know the position or authority of said trainman to whom he paid said

fity cents, and who, in point of fact, was a brakeman upon said train. The conductor also wore a uniform similar to that of the brakeman, differing only in the distinguishing marks of the respective positions held by the said conductor and brakeman.

To determine whether or not the appellee was wrongfully ejected from the train, it is necessary to ascertain, first, whether the appellee sustained to the appellant the relation of passenger. The liability of the appellant is contractual, and if, therefore, there was no legally enforceable contract between said parties, constituting them carrier and passenger respectively, the appellee can not recover. If, however, there was such contract, express or implied, a liability against appellant arises by virtue of the public duty raised by the law.

"A passenger is a person whom a common carrier has contracted to carry from one place to another, and has, in the course of the performance of that contract, received under his care either upon the means of conveyance or at the point of departure of that means of conveyance." 2 Am. and Eng. Ency. Law, 742.

There is no liability on the part of the appellant, unless at some point upon the route the appellee was accepted as a passenger. It is not found in the special verdict that Auburn Park, where the appellee entered the train, was a place where the appellant's train was scheduled to stop to receive passengers, or that he had then paid his fare, or that he had entered at the invitation of the appellant.

A failure to find upon some fact or issue involved is equivalent to a finding against the party holding the affirmative upon such fact or issue. *Henderson* v. *Dickey*, 76 Ind. 264; *Johnson* v. *Putnam*, 95 Ind. 57; *Parmater* v. *State, ex rel.*, 102 Ind. 90; *Glantz* v. *City of South*

*Bend*, 106 Ind. 305; *Louisville, etc., R. W. Co.* v. *Hart*, 119 Ind. 273.

It is affirmatively shown, upon the other hand, that the appellee entered one of the appellant's vehicles not set apart for passengers, without invitation and against the express rules and regulations of the company, and remained upon the same until he was ejected.

The relation of carrier and passenger does not arise until the traveler "puts himself in charge of the carrier for the purpose of being conveyed to his destination." Buswell Pers. Inj., section 114.

It can not be said that this has been done, when the traveler takes a position on the train other than that set apart for the use of passengers. It is clear to us, therefore, that the appellee was not a passenger on appellant's train, when he boarded the platform of the express car. Did he become such afterwards? If so, it must be because, by the conduct of appellant's servant, the brakeman, the appellant is estopped to deny that the appellee occupied such position on the train.

It is not within the power of any conductor, trainman, or other employe of a railroad to permit any person to ride upon a vehicle not intended for the conveyance of passengers; and if such person does so, even upon invitation of such employe, and even though such person and others have customarily so ridden, the person thus traveling does not thereby become a passenger. *Files* v. *Boston, etc., R. R. Co.*, 149 Mass. 204.

Railroad companies not only have the right, but it is their duty to run their trains in accordance with established rules and regulations, and passengers must exercise reasonable diligence to acquaint themselves with the same, and where such regulations are reasonable, it is the duty of passengers to comply with them. *Pittsburgh, etc., R. W. Co.* v. *Lightcap*, 7 Ind. App. 249, 34 N. E. Rep. 243.

The Chicago and Erie Railroad Company *v.* Field.

We do not wish to be understood as holding that persons desiring to travel upon railroad trains must inform themselves of every rule and regulation of the company, in order to secure protection, but what we do decide is that they are not entitled to such protection when they act in open violation of the most common and best known of such regulations, among which is the one forbidding persons to ride upon platforms of cars.

Common carriers of passengers are not required to notify every individual who may board their train that he must enter the passenger coach in order to become a passenger. It is the duty of the latter to inquire, upon entering the train, where the coach is in which he may be carried to a certain point, and it then becomes the duty of the carrier's servants to inform him. If he acts upon the information, the company thereby accepts him as a passenger, and he is entitled thereafter to all the privileges and immunities as such. But if, upon the other hand, he fails to make such inquiry, and in violation of the company's rules enters a vehicle not set apart for passengers, he becomes a trespasser.

It was not within the scope or authority of the brakeman to collect fare, and even if it had been, such brakeman would have no right to waive the established rules and regulations made for the running of the trains, and the appellee had no right to suppose that such employe could bind the company by such an arrangement. *Ohio, etc., R. W. Co.* v. *Hatton,* 60 Ind. 12; *Pittsburgh, etc., R. W. Co.* v. *Nuzum,* 60 Ind. 533.

Appellee, therefore, acquired no rights as a passenger by the payment of money to the brakeman. Had he been in the passenger coach at the time he made such payment, a different question would be presented. As it was, he was a trespasser when he entered, and remained

such throughout, and when the conductor discovered him upon the platform, he had a right to eject him from the train. The appellee not being a passenger, the appellant owed him no duty of carriage, and he has, therefore, no cause of action.

It is contended, however, that the special findings show that appellee was ejected with unnecessary violence, and under aggravating circumstances.

It is a sufficient answer to this to say that the complaint is not drafted upon that theory. The gist of the complaint is the violation of the contract to carry. All other averments, as to aggravating circumstances, etc., are mere incidents to the failure to carry. If the principal fact was established, the jury might consider the incidents in measuring the damages. It is one thing, however, for the company to fail in the performance of its obligation to carry, and quite another for the servants of the company to eject a trespasser with unnecessary force and violence or under circumstances that render the ejectment itself a trespass. In either case there may be a right of action against the company, but the injured party can not count upon one and recover upon the other. *Chicago, etc., R. R. Co.* v. *Bills*, 118 Ind. 221.

Our conclusion is that the appellant was entitled to judgment.

Other questions presented by the appellant need not, therefore, be determined.

Judgment reversed, with instructions to the court below to sustain appellant's motion for judgment in its favor upon the special verdict.

Filed June 10, 1893.