CLARENCE  W.  ASHFORD  *v.*  HONOLULU  RAPID
TRANSIT & LAND CO., A CORPORATION.

. APPEAL FROM DISTRICT COURT, HONOLULU.

ARGUED MARCH 17, 1905.            DECIDED MARCH 27, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

STREET RAILROAD—*passenger's rights.*

> After defendant accepted plaintiff as a passenger on a trailer
> attached to a motor car and took his fare and provided him with
> a seat, held, under the circumstances of this case, it had no right
> to detach the trailer from the motor car before plaintiff's destina-
> tion was reached and insist on plaintiff proceeding in the motor
> car unless it furnished to plaintiff as good accommodations in the
> motor car as he had had on the trailer.

OPINION OF THE COURT BY WILDER, J.

On December 24, 1903, at about 5:50 p. m. at the corner
of King and Alakea streets, Honolulu, plaintiff boarded a
trailer car of defendant company with ample seating capacity
for passengers, which trailer was without motor power and
was attached to a motor car, said cars proceeding easterly on
King street.    Every seat in the motor car was occupied and
many passengers were standing both inside the car and along
the footboards outside.    The conductor of the trailer notified
plaintiff that the trailer was only going as far as the company's
barn situate on Alapai street, and requested plaintiff to get
into the motor car.    This plaintiff declined to do for the
reason that every seat in the motor car was filled and notified
the conductor that his destination was some distance beyond

Alapai street. Thereupon the conductor of the trailer took plaintiff's fare. At Alapai street the trailer was detached from the motor car, and plaintiff was again requested to ride to his destination in the motor car, which he again refused to do unless furnished with a seat in the motor car, the seats in the motor car still being all occupied. One or two other passengers were also on the trailer with plaintiff on the ride from Alakea to Alapai streets. On the failure of plaintiff to transfer at Alapai street as requested, the motor car proceeded easterly along King street, and the plaintiff proceeded to his destination on foot. The same thing happened on two occasions during January, 1904. Plaintiff thereupon brought an action in the district court of Honolulu against defendant company for an alleged violation of its contract with him in each instance. Defendant's plea was the general issue. The district magistrate gave judgment for defendant and plaintiff appealed to this court on the point of law that upon the pleadings, admissions and proofs it was error to render judgment for defendant and that judgment should have been rendered in favor of plaintiff.

The material facts were undisputed, and it thus became a question of law whether judgment should have been given for plaintiff or defendant. Defendant's general manager testified that by a general regulation of defendant company that trailer car at the junction of Alapai and King streets was to be detached from the motor car and sent to the company's barn at that time irrespective of the then amount of traffic or number of passengers in the motor car or in the trailer, and that the persons in charge of the trailer and motor car had no discretion in the matter, and also that no harm would have resulted if the trailer had been sent further along King street toward Waikiki. He further testified that on that particular trailer while going easterly no fares should have been collected.

The question at issue in this case is not, whether the defendant company had a right to decline to receive plaintiff as a

passenger on the trailer on the occasions mentioned, nor whether it was then or at all times bound to furnish plaintiff with a seat on one of its cars proceeding from Alakea street easterly toward plaintiff's destination, but it is this, after defendant company had received plaintiff as a passenger and taken his fare and provided him with a seat in the trailer as far as Alapai street, could it detach the trailer from the motor car at Alapai street and insist that plaintiff proceed to his destination in the motor car without a seat?

Defendant, under its charter, is obligated "at all times to maintain a sufficient number of cars to be used upon said railway for the carriage of passengers as public convenience may require." Revised Laws, section 841. There is no question but that defendant on the occasions referred to had the facilities and cars to transport plaintiff to his destination. Defendant has the right to make "reasonable and just regulations with the consent and approval of the governor regarding the maintenance and operation of said railway," (Revised Laws, section 843), although it can hardly be claimed that the withdrawal of the trailer at the point in question was made in compliance with any such reasonable and just regulation.

Even if plaintiff had no right to travel in the trailer, which is not decided, he did and was allowed to do so, and for traveling therein defendant collected the usual fare from him. If one steps upon the platform of a car and announces his intention not to pay but is allowed to enter and sit down like the other passengers and the fare is afterward demanded of him in the usual manner, he is entitled to be treated as a passenger. *Sanford v. Eighth Avenue Railway Co.,* 23 N. Y. 343. It is clear that plaintiff on the occasions mentioned was a passenger and consequently became entitled to a passenger's legal rights. The case of *Chicago & Erie Railway Co. v. Field,* 7 Ind. App. 172, cited by defendant to the effect that acceptance of fare from one did not necessarily bind the company, is not in point, for the reason that in that case the person complaining was held not to be a passenger.

If there were no available seats either in the motor car or in the trailer, and plaintiff still preferred to travel even if he had to stand up, that might have been a different matter, but in this case there were available seats in the trailer and defendant did allow plaintiff to travel as a passenger in the trailer and collected fare from him and furnished him with a seat in the trailer. Having done this, it then became incumbent on defendant, if it wished to detach the trailer before plaintiff's destination was reached, to furnish him for the balance of the ride with as good accommodations as he had had on the trailer. It being within defendant's power, and it having refused, so to do, we hold that defendant company infringed plaintiff's rights and that it violated its contract with plaintiff in each instance, and consequently plaintiff is entitled to recover in the action.

It is unnecessary to decide whether the rule, with reference to steam railroads, that a passenger is entitled to a seat as a matter of right, is applicable to this street railroad company.

The judgment appealed from is reversed and set aside and the case is remanded to the district magistrate of Honolulu with directions to enter up judgment for plaintiff and for such further proceedings as may be proper not inconsistent with this opinion.

Plaintiff in person.

*Castle & Withington* for defendant.