## Sellers v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company.

[No. 6,095.    Filed October 8, 1907.]

PLEADING. — Complaint. — Railroads. — Conductors. — Platforms. — Alighting.—A complaint against a railroad company for failing to provide a platform on which passengers could safely alight and for the conductor's failure to assist plaintiff to alight as he had agreed to do, and which fails to show that the place at which such passenger attempted to alight was a regular stopping place prescribed by the company's rules and schedules, is bad, although such conductor agreed when such passenger entered the train to permit her to alight at such place.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Mary E. Sellers against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Laurent A. Douglass,* for appellant.

*A. B. Eberhard, C. E. Cowgill* and *L. J. Hackney,* for appellee.

Comstock, C. J.—Appellant, plaintiff herein, asks damages for personal injury received by her in alighting from one of appellee's passenger-trains. The complaint was in two paragraphs, to each of which a demurrer for want of facts was sustained, and judgment was rendered against appellant for costs. The only question presented is the sufficiency of the complaint.

Omitting the formal parts of the first paragraph, it alleges, in substance, that plaintiff purchased a ticket from defendant at Anderson, Indiana, for Louisville, Kentucky; that she embarked on one of defendant's passenger-trains at Anderson; that Jeffersonville, Indiana, is on the direct line of said defendant's railroad between Anderson and Louisville; that when the conductor of said train took up plaintiff's ticket she informed him that she desired to get off at Jeffersonville, and the conductor thereupon agreed

with her that said train would stop at Jeffersonville, and she could get off at said place at a point on said road known as the North Tower; that when the train arrived at said North Tower it came to a full stop, and after it had stopped appellant proceeded down the steps of the platform of the car on which she was riding; that the defendant had negligently failed to provide any platform for passengers to use in alighting from its said trains at said North Tower; that the lower step was two feet above the ground whereon she was to alight; that in getting off said car, by reason of the height of said car steps from the ground, she was compelled to make a long step, and partial jump, and by reason thereof she fell, and in falling came in contact with a certain iron rod, then and there being, striking the lower part of her back with great force. The second paragraph is substantially the same as the first, with the additional averment that the conductor promised to assist appellant to alight, and that he failed to do so.

Appellant took passage on the train of appellee under a contract to be transported from Anderson, Indiana, to Louisville, Kentucky. She concluded to leave the train at Jeffersonville, and was told by the conductor that she could get off at a place called the North Tower. It is alleged that the conductor promised to assist her in alighting. At said North Tower there was no platform, nor convenience of any kind, provided upon which to alight. It is not alleged in either paragraph that it was the duty of appellee, by its rules and schedules, to stop said train at either Jeffersonville or at said North Tower for the purpose of taking on or of discharging passengers, nor to provide a platform at said point.

"A railroad company is not bound to stop and allow a passenger to get off except at a regular station or stopping place." *Pittsburgh, etc., R. Co.* v. *Nuzum* (1875), 50 Ind. 141, 19 Am. Rep. 703. In *Ohio, etc., R. Co.* v. *Hatton* (1877), 60 Ind. 12, it is said: "It is not competent, we

think, for a conductor to agree with an individual passenger to carry him to a given place, and stop at that place to allow him to leave the train, and thus bind the railroad company, unless the place at which he is to stop is a regular station of the train which he is conducting. Such a power cannot be implied as within the proper duties of a conductor; nor would it be consistent with public policy. * * * The duty of a conductor is to run the trains according to the public arrangements, and he has no power to change them; and a passenger has no right to infer that a conductor has any such power from his general duties as a conductor, and no reason to suppose that he could bind the railroad company by any such an agreement." In the foregoing case the plaintiff brought an action to recover damages for being carried past the station to which he purchased a ticket, but the principles apply to the case at bar. If the conductor makes a promise or enters into an agreement with a passenger, which he was not authorized to make, no liability could attach to the railroad company for the violation of any part of it.

The failure to maintain a platform and the failure of the conductor to assist the appellant to alight are the delinquencies charged against the appellee. They are not sufficient to show negligence against appellee. In line with the cases cited we refer to the following: *White* v. *Evansville, etc., R. Co.* (1893), 133 Ind. 480; *Pittsburgh, etc., R. Co.* v. *Lightcap* (1893), 7 Ind. App. 249; *Chicago, etc., R. Co.* v. *Field* (1893), 7 Ind. App. 172, 52 Am. St. 444; *Sage* v. *Evansville, etc., R. Co.* (1893), 134 Ind. 100; *Ohio, etc., R. Co.* v. *Applewhite* (1876), 52 Ind. 540; *Cooper* v. *Lake Erie, etc., R. Co.* (1894), 136 Ind. 366; *Smith* v. *Louisville, etc., R. Co.* (1890), 124 Ind. 394; *Evansville, etc., R. Co.* v. *Barnes* (1893), 137 Ind. 306. The complaint was correctly held defective.

Judgment affirmed.